SUPERIOR CONSOLIDATED LAND COMPANY, Respondent, vs. BICKFORD, Appellant.

*April 15 — May 1, 1896.*

*Contracts: Subscription: Consideration: Acceptance.*

A telegram sent by defendant to a person who had solicited his subscription to a bonus to be given to a corporation for the erection of a mill, and by such person attached to the subscription paper, to the effect that defendant would give a certain sum if the mill was built on a specified site, was a continuing offer to the corporation and, although not formally accepted, became a binding contract when the corporation, relying upon such offer and before any revocation thereof, built the mill upon the specified site within a reasonable time.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

This was an action upon a subscription. The facts are simple and not greatly in dispute. It appears that in October, 1891, the Daisy Roller Mill Company, a corporation, contemplated building a large flouring mill, of certain capacity and dimensions, at Superior, and required, as a bonus for that purpose, a site and $50,000 in money. A subscription paper was circulated for the purpose of meeting this proposition, and the *Superior Consolidated Land Company* subscribed $25,000 in cash and a suitable site, which was, by the terms of the subscription paper, to be on "the Superior

Bay front, between Kingston pier and Nemadji river."
Many other subscriptions were made, of various amounts.
Before the completion of the subscription, and in the latter
part of October, 1891, James Bardon, president of the *Con-
solidated Land Company*, called on the defendant at his
home in Boston, Massachusetts, and told him of the propo-
sition of the mill company, and the condition of the sub-
scription, and the efforts being made to accept the proposi-
tion.   *Mr. Bickford* owned a warehouse and two lots on
Quebec pier, which is a pier on the Superior Bay front, be-
tween Kingston pier and the Nemadji river. It does not ap-
pear that Mr. Bardon had the subscription paper with him,
or that *Bickford* ever saw it.   There was considerable talk
about the matter, but no subscription was then made; and
the parties separated, with the understanding that *Bickford*
would communicate with Bardon later, after making some
inquiries at Superior.   *Bickford* claims in his evidence that
Bardon agreed that if *Bickford* subscribed $1,000 the mill
company would rent his (*Bickford's*) warehouse at $600 per
year; but this is denied by Bardon, and negatived by the
finding of the court.

On November 16, 1891, the defendant wrote and sent to
Bardon the following telegram:   " If the mill is built on
Quebec pier I will give one thousand dollars, but cannot take
any stock at present. IRA H. BICKFORD."   November 19,
1891, Bardon acknowledged receipt of the telegram, as fol-
lows:   " Your telegram saying that you would pay $1,000
towards the bonus if the flouring mill was located on Que-
bec pier, but could subscribe no stock, was duly received."
Bardon attached the telegram to the subscription list, which
was afterwards completely filled to the required amount;
the *Consolidated Land Company* guarantying all the sub-
scriptions.   The mill was built immediately upon Quebec
pier, and was finished some time in 1892, which is conceded
to be a reasonable time, and it conformed in all respects to

the proposition made. *Bickford's* subscription and some others not being paid, the *Consolidated Land Company* paid the amounts to the Daisy Roller Mill Company, and took an assignment of the various subscriptions, and now brings this action as owner of the cause of action by virtue of such assignment.

The case was tried by the court, without jury; and, upon findings substantially as above stated, judgment was rendered for the plaintiff, and the defendant appealed.

*Thos. W. Shackleford,* attorney, and *Carl C. Pope,* of counsel, for the appellant.

For the respondent there was a brief by *Catlin, Butler & Lyons,* and oral argument by *T. E. Lyons.*

WINSLOW, J. The offer of the defendant was in legal effect that if the Daisy Roller Mill Company would, within a reasonable time, build a flouring mill of a certain description upon Quebec pier, he would pay the company the sum of $1,000. This was a continuing offer, made to the mill company through Mr. Bardon, revocable until accepted. It appears that the mill company, relying upon this offer, and before any revocation thereof, built the required mill on the required site, within a reasonable time. These facts made a binding contract, within all the authorities upon the subject. The doctrine is well settled in this court, and the authorities are collected in *Gibbons v. Grinsel,* 79 Wis. 365–371, where it is said that all the authorities agree that, where " the persons to whom the subscriptions run have expended money or incurred obligations on the faith of such subscriptions, it is sufficient consideration to support the promise to pay." See 26 Am. Law Reg. (N. S.), 2; also, authorities collected in 24 Am. & Eng. Ency. of Law, ·331. No formal acceptance was necessary. The expending of money and erection of the building in accordance with the offer is a sufficient acceptance, as well as a consideration. *Richelieu Hotel Co.*

*v. International M. E. Co.* 140 Ill. 248. The assumption of a liability or obligation, or the doing of some unequivocal act, such as the expending of money or erection of a building in accordance with the proposition and upon the faith of the subscription, is a sufficient acceptance. *Cottage St. M. E. Church v. Kendall,* 121 Mass. 528. After such an acceptance there can be no withdrawal of the offer. The cases of *Methodist Episcopal Church v. Sherman,* 36 Wis. 404, and *Leonard v. Lent,* 43 Wis. 83, where subscriptions to assist in paying off church debts were held not binding because never accepted by the church corporation or by any authorized agent of the corporations in any way, have no bearing on this case.

*By the Court.*— Judgment affirmed.

MARSHALL, J., took no part.