SCHOENMANN and another, Appellants, vs. WHITT, Respondent.

*September 9—September 29, 1908.*

*Brokers: Contracts: Mutuality: Acceptance.*

A writing whereby in terms defendant gave plaintiffs the exclusive right to sell his land and agreed to pay them a commission in the event of a sale was signed by defendant but not by plaintiffs, and contained no stipulation requiring plaintiffs to do anything. Defendant afterwards sold the land without any assistance from plaintiffs. *Held*, that plaintiffs could not recover a commission on such sale in the absence of a showing that they had accepted the implied obligations of the writing on their part by using ordinary diligence in endeavoring to make a sale. TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action is brought to recover a commission of $270 claimed to be due upon the sale of a farm. The alleged contract upon which recovery is sought was lost, but what purported to be a copy of at least the material portion of it was produced, and offered and received in evidence, and is as follows:

"Spring Green, Wis., Oct. 14, 1904.

"I hereby grant unto Schoenmann & Son the exclusive right to sell and to enter into a contract for the conveyance of the property described on the opposite side of this card, and authorize them to list the same for sale upon the terms and conditions mentioned, and agree to pay said Schoenmann & Son, in the event of a sale of said property, the regular commission of two and one-half. I however reserve the right to revoke this agreement by giving said Schoenmann & Son ninety days' notice in writing.

"(Signed)                              JOHN L. WHITT."

The foregoing writing was not signed by the plaintiffs or either of them. The defendant asserted that the written

memorandum did not express the entire agreement, and that it should be reformed so as to exempt him from the payment of any commission in the event of his making a sale of the farm himself.    The court, on disputed testimony, refused to reform the instrument and found that the agreement was fully expressed in the writing.    Some three weeks after the signing of the written memorandum the defendant sold the farm, without any aid or assistance from the plaintiffs, for a price in excess of what they were authorized to sell for. He refused to pay any commission because of such sale.

A jury was waived and the case was tried by the court. The trial court found that plaintiffs had not exhibited the farm in question to any purchaser, had not taken any steps to sell the same, and had not incurred any expense in reference thereto, except to talk with one person about it, to whom they expected to show it, but before doing so they learned it was sold, and that the contract lacked mutuality and therefore never had any binding force or effect; and awarded judgment dismissing complaint, from which judgment this appeal is taken.

For the appellants the cause was submitted on the briefs of *Thomas W. King* and *Grotophorst, Evans & Thomas.* They cited *Metcalf v. Kent,* 104 Iowa, 487, 73 N. W. 1037; *Ingold v. Symonds,* 125 Iowa, 82, 99 N. W. 713; *Mott v. Ferguson,* 92 Minn. 201, 99 N. W. 804; *Dole v. Sherwood,* 41 Minn. 535, 43 N. W. 569; *Goward v. Waters,* 98 Mass. 596, 598; *Lapham v. Flint,* 86 Minn. 376, 90 N. W. 780, 781; *Arnold v. Nat. Bank,* 126 Wis. 362; 9 Cyc. 300, 333; *Stensgaard v. Smith,* 43 Minn. 11, 44 N. W. 669.

For the respondent the cause was submitted on the brief of *Richmond, Jackman & Swansen.*    To the point that the contract was void for want of mutuality, they cited *Greve v. Ganger,* 36 Wis. 369; Bishop, Contracts, § 78; 1 Parsons, Contracts (9th ed.) 486 (*449), note; 1 Page, Contracts, § 304, p. 452; Hammon, Contracts, § 337, p. 682; *Hoffman*

*v. Maffioli,* 104 Wis. 630; *Teipel v. Meyer,* 106 Wis. 41; *Stensgaard v. Smith,* 43 Minn. 11, 44 N. W. 669; *Hirschhorn v. Nelden-Judson D. Co.* 26 Utah, 110, 72 Pac. 386; *Kolb v. J. E. Bennett L. Co.* 74 Miss. 567, 21 South. 233; *Walker v. Denison,* 86 Ill. 142; *Cold Blast T. Co. v. Kansas City B. & N. Co.* 114 Fed. 77, 57 L. R. A. 696; *A. Santaella & Co. v. Otto F. Lange Co.* 155 Fed. 719, 722.

BARNES, J.   It is perfectly apparent that the signing of this paper by the defendant did not make a contract. It was not signed by the plaintiffs and contained no stipulation requiring them to do anything.   At the time of its delivery to the plaintiffs it was entirely lacking in mutuality.   The plaintiffs might have accepted the implied obligations of the writing on their part by doing the work and incurring the expense that such writing contemplated should be performed and incurred, and such acceptance, so made, would result in a binding contract.   *Arnold v. Nat. Bank,* 126 Wis. 362, 365, 105 N. W. 828; *Hooker v. Hyde,* 61 Wis. 204, 207, 21 N. W. 52; *Superior C. L. Co. v. Bickford,* 93 Wis. 220, 67 N. W. 45; *Goward v. Waters,* 98 Mass. 596, 598; *Lapham v. Flint,* 86 Minn. 376, 90 N. W. 780, 781.

The implied obligation contemplated by the writing required plaintiffs to use ordinary diligence in endeavoring to make a sale of the property, and the burden was upon them to show that such diligence had been exercised by them. The inherent weakness of the plaintiffs' case was their failure to show that they had in good faith assumed and carried out their part of the obligation before the defendant consummated a sale of the property without assistance of any kind from them.

There is no finding as to the time that elapsed between the signing of the memorandum by the defendant and the sale of the farm by him.   There is no finding, and no evidence, that any expense was incurred by the plaintiffs in connection with the sale of the lands.   There is no proof that any par-

ticular time was spent or effort was made by plaintiffs in endeavoring to effect a sale, except as appears in the findings of the court. There is an express finding by the court that plaintiffs "had not exhibited said farm to any purchaser or taken any steps to sell the same or incurred any expense therein, except that the plaintiff *John Schoenmann* had talked to one person with respect thereto, and expected to exhibit said farm to said person, but before doing so was notified by the defendant that the farm was already sold." How long this conversation took place after the writing was signed by the defendant does not appear. Neither does it appear whether the conversation was merely casual, or whether time and effort were consumed in looking up this particular person, or whether he had the ability or inclination to purchase the farm in question, or why he had not looked it over before the sale was made. The finding of the court negatives the idea that the plaintiffs had accepted their obligation by using any reasonable degree of diligence to make the sale of the farm. It is true the plaintiffs claim that the finding of the court in respect to efforts used by them to sell the farm is not a correct summary of, or conclusion to draw from, the testimony in the case. The finding seems to embody every material thing that was testified to on the trial, with the possible exception of some evidence showing that one of the plaintiffs had communicated to the defendant the information that they expected to have a prospective purchaser look at the farm. It is very doubtful if this question is preserved by any proper exception to the findings of fact made by the court, but we do not deem the evidence of sufficient importance to change the result of our decision in any event.

*By the Court.*—Judgment affirmed.

TIMLIN, J. (*dissenting*). The contract was one for services in which the consideration necessary to support the contract is not the performance of the services but the agreement

to so perform.    I think there was an acceptance of the written contract by the plaintiffs, hence an agreement upon their part to perform.    The opinion of the court seems to me to be in conflict with elementary principles of the law of contracts, and to confound failure to perform with lack of consideration.