LEVANDER and another, Respondents, vs. JOHNSON, Appellant.

*May 4—June 5, 1923.*

*Brokers: Contract of employment: Exclusive agency: Revocation by owner.*

Under a contract to pay a commission for selling property during the continuance of an agency, the owner, in good faith and not for the purpose of defeating a claim for compensation, may withdraw the property from the market and thereby terminate the agency, on proper notice, before anything is done by the agents in reliance on the contract and for the purpose of performance thereunder, though the contract purports to give an exclusive agency for the time stated, there being no such interest coupled with the agency as made the contract irrevocable before actual performance.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Plaintiffs, licensed real-estate brokers, sue defendant for commission. February 6, 1920, the defendant signed a written contract describing premises he then owned in Madison (not a homestead). Other material portions were as follows:

"Price, $15,500."

"In consideration of your agreement to list in your office and to list with other members of the Madison Real Estate Board and of your efforts to find a purchaser for the same, I hereby give you, for six months from this date, the exclusive agency to sell my property as described on the reverse side hereof and at the price and on the terms there stated; and I agree to pay you the present rate of commission established by the Madison Real Estate Board if the property is sold or exchanged by you, by me, or by any one else during the continuance of this agency for the price and upon the terms herein named or for any other price or upon any other terms which I may accept.

"I agree to execute and deliver to the purchaser a warranty deed of this property, in which my wife or husband will join, and to furnish said purchaser with a complete

abstract of title showing good merchantable title in me at the date of such deed.

"I hereby authorize you to bind me by contract to sell according to the terms herein named."

Then followed a schedule of the rates of commission.

Either about March 6th or March 29th following the signing of the agreement defendant's wife, at his request, called at the plaintiffs' office and spoke to one or both of the plaintiffs to the effect that defendant and she wished to withdraw this particular property from sale, defendant having at the same time other property of his listed with plaintiffs.

Subsequent to such interview plaintiffs negotiated with one Buser for the sale of this property and obtained a contract in writing on April 10, 1920, reciting, among other things, that the same was made by and between *Henry Johnson* and Ida M. Johnson, husband and wife, by plaintiff *Levander*, their agent, and Buser as party of the second part. It further in substance provided for the purchase price of $15,500 for the property in question, to be paid, however, $100 in cash, $2,900 on or before April 30, 1920, and $150 or more to be paid in cash on the 1st of each and every month beginning June 1, 1920, until the purchase price was reduced to $8,000, at which time a deed was to be given with a first mortgage back for such balance, with interest at six per cent. semi-annually.

It also provided that the agreement is subject to the approval of the first parties (namely, defendant and his wife), and it was signed by plaintiff *Levander* as agent for *Henry* and Ida M. Johnson and by the prospective purchaser, Buser, and contained a clause under the same date reading: "The above agreement is satisfactory and is accepted." This, however, was not signed by defendant.

There was testimony to the effect, and the court found, that after the contract had been signed the defendant himself called at plaintiffs' office and expressed his satisfaction

with and willingness to carry out the sale upon such terms. The defendant's wife refused to execute the said contract or to be a party to the sale.

The court also found that within the time prescribed by the original contract the plaintiffs produced a purchaser able and willing to purchase defendant's property at the price fixed in said contract and that defendant accepted the proposed terms of payment; and as a conclusion of law that the plaintiffs were entitled to judgment for $565 with interest and costs.

The defendant presented to the trial court for signing proposed findings to the effect that, before any proposed sale by the plaintiffs had been reported to the defendant, the defendant revoked the agency granted in the original contract and notified the plaintiffs that the property was not for sale, and also that after the revocation of such contract there was no other or further contract of agency between the parties, and as a conclusion of law that the defendant is entitled to judgment dismissing the complaint. This was indorsed by the trial court: "The foregoing request is refused as immaterial."

Defendant appeals from the judgment.

For the appellant there was a brief by *Rufus B. Smith,* attorney, and *Carl N. Hill,* of counsel, both of Madison, and oral argument by *Mr. Smith.*

For the respondents there was a brief by *Kroncke & Sauthoff,* attorneys, and *H. H. Puetz,* of counsel, all of Madison, and oral argument by *Mr. Puetz.*

ESCHWEILER, J. Though the written contract between the parties purported to give plaintiffs an exclusive agency for six months for the sale of defendant's real estate, nevertheless there was not coupled with the agency any such interest as made the contract between them, prior to actual performance thereunder, irrevocable, because it is performance under such agency contract that gives rise to the right to compensation and not the mere signing of the contract.

Levander v. Johnson, 181 Wis. 68.

Prior to performance, though actual negotiations with a purchaser might well be such performance, the owner may, when it is done in good faith and not for the purpose of defeating a claim for compensation, withdraw such property from the market and thereby terminate, upon proper notice, the agency to sell. 3 Page, Contracts, § 1741; *Crowe v. Trickey*, 204 U. S. 228, 240, 27 Sup. Ct. 275; *Ettinger v. Loux*, 96 N. J. Law, 522, 115 Atl. 384, 20 A. L. R. 1265; *Rowan & Co. v. Hull*, 55 W. Va. 335, 47 S. E. 92; *Hallstead v. Perrigo*, 87 Neb. 128, 126 N. W. 1078; *Auerbach v. Internationale W. L. A. G.* 177 Fed. 458; 31 Cyc. 1295; 4 Ruling Case Law, 252; 21 Ruling Case Law, 822.

There is no actual showing in this case by plaintiffs of anything having actually been done by them in reliance upon the contract and for the purpose of performance thereunder prior to the time of the notice of revocation. There was nothing, therefore, in the shape of performance on their part sufficient to have made the contract absolute between the parties at the time of the revocation, under the views expressed in *Schoenmann v. Whitt*, 136 Wis. 332, 334, 117 N. W. 851; *John E. DeWolf Co. v. Harvey*, 161 Wis. 535, 547, 154 N. W. 988; *Birdsall v. Fraenzel*, 154 Wis. 48, 53, 142 N. W. 274; *Kelly v. Phelps*, 57 Wis. 425, 429, 15 N. W. 385. See, also, *Braniff v. Baier*, 101 Kan. 117, 165 Pac. 816, L. R. A. 1917E, 1036.

There is no controversy but that defendant's wife, at his direction, did call at plaintiffs' office and there tell them of defendant's instructions; and although there is a discrepancy in the testimony as to just what she said at that time, it is not sufficient, in our judgment, to raise any issue of fact as to the revocation.

From what has been said the defendant was entitled to judgment and other questions need not be considered.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss.