REID, Appellant, vs. MILWAUKEE AIR POWER· PUMP
COMPANY, Respondent.

*March 7—April 11, 1933.*

For the appellant there was a brief by *Rubin & Zabel*, attorneys, and *R. R. Stauff* of counsel, all of Milwaukee, and oral argument by *Mr. Stauff* and *Mr. William B. Rubin*.

For the respondent there was a brief by *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *J. G. Hardgrove*.

ROSENBERRY, C. J. The material part of the confirmation given to the plaintiff by the defendant on March 16, 1929, was as follows:

"Confirming our recent verbal interview, you may accept this as our authorization to obtain, if possible, a mortgage loan of $60,000, it being the understanding that if that amount is obtained that we will with part of the proceeds pay up the remaining balance of $26,000 first-mortgage bonds that are outstanding against the property at the present time and give as security for the loan that you obtain, the first mortgage on the real estate and improvements thereon which we are now occupying at the present time.

"Providing you are able to arrange a loan for the above amount on that basis, we will pay you a brokerage fee of $5,000. In the event of your inability to secure a loan in excess of $50,000 on the same basis, the brokerage fee to be $4,000.

"As stated to you, time is an essential factor in the proposition, and unless arrangements are made along the above lines at a reasonably early date, we will not be interested and will proceed with the work that we are doing at the present

time relative to obtaining an additional required capital through the sale of the stock issue.

"Trusting to hear favorably from you at an early date, we are,"

It is the contention of the plaintiff that having, pursuant to this authorization, arranged for a loan and produced one ready with the money and able and willing to make the loan, he is entitled to his commission. The principal or master may at any time suspend or by revocation terminate any authority not yet executed. Agency Restatement No. 2, sec. 180. A consideration of the confirmation of March 16th discloses that it was an arrangement under which the plaintiff's right to compensation was dependent upon the accomplishment of a specified result, to wit: the procurement of the loan. No time having been fixed, the arrangement was subject to revocation by the defendant without liability providing it acted in good faith. The verdict of the jury acquits the defendant of bad faith. The right of the plaintiff agent to compensation under such circumstances is governed by the law of agency, which is stated thus:

"Restatement of Agency, Tentative Draft No. 7.

"Section 670. Compensation upon termination without breach by either party. General rule.

"Unless otherwise agreed, if the principal has contracted to pay the agent for his services and, without breach of contract by either party, the relationship terminates, the principal is subject to liability to pay the agent for services previously performed and which are part of the agreed exchange:

"(a) the agreed price for services for which compensation is apportioned, and (b) the value of services for which no compensation is apportioned."

*Levander v. Johnson,* 181 Wis. 68, 193 N. W. 970, is cited as supporting the proposition that the principal cannot revoke after the agent has acted. The agency in *Levander v. Johnson* was an exclusive agency for a stated time. The

liability of the principal for revocation under such circumstances is distinctly different than where the agency is not an exclusive agency and for no stated time. In this case the defendant received no benefit from the efforts of the agent so it was not liable for reasonable value, nor could compensation be apportioned under the circumstances of this case. Where the agent has not an exclusive contract of agency, his right to compensation where he has agreed to produce a specified result is subject to the principal's right of revocation. *Dougherty v. W. H. Shenners Co.* 196 Wis. 182, 218 N. W. 839; *Sixta v. Ontonagon Valley Land Co.* 148 Wis. 186, 134 N. W. 341. Under the facts as found by the jury and the law as stated, the trial court correctly concluded that the plaintiff is not entitled to compensation.

*By the Court.*—Judgment affirmed.

WICKHEM, J., took no part.