## CHAS. STOLPER COOPERAGE CO. v. MILLER HARDWOOD CO., Inc.

### No. 5918.

Circuit Court of Appeals, Seventh Circuit.

April 22, 1937.

Rehearing Denied June 19, 1937.

174

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

This action is one for damages caused by appellant's alleged breach of its contract. The sale of a large number (225,-000) of barrel staves was the subject of the agreement. The defenses are numerous. Among them are: (a) The agreement relied upon was unilateral and therefore not binding; (b) appellee had no corporate existence when the contract was made; (c) there was lack of authority on the part of appellant's representative to make the agreement; (d) appellee first breached the agreement; (e) no recoverable damage was shown; (f) non-recoverable damages were included in the verdict. These constitute the more important assignments of error.

The agreement called for the appellant's extension of credit to appellee of $5,000. This credit was extended. After half the barrel staves were delivered and paid for, appellant refused to accept further deliveries. It also withdrew the credit. Alleged damages arose from (a) the refusal of appellant to receive deliveries of the staves, thus breaching its contract, and (b) the withdrawal of credit to appellee.

Thomas E. Torphy, W. L. Gold, Chester W. Wilson, and Morris Karon, all of Milwaukee, Wis., for appellant.

Benjamin Poss and Joseph P. Brazy, both of Milwaukee, Wis., for appellee.

EVANS, Circuit Judge.

The evidence clearly established the breach of the contract by appellant. It deliberately refused to receive further deliveries of barrel staves. Likewise, its action was without acceptable reason.

■ We are equally satisfied that the contract was not unilateral, and moreover, if it were, the acceptance of its terms and the delivery of the barrel staves by appellee made it binding. Ruling Case Law, "Contracts," § 94; Restatement of the Law of Contracts, Vol. 1, page 10, § 12; Schoenmann v. Whitt, 136 Wis. 332, 117 N.W. 851, 19 L.R.A.(N.S.) 593; Richardson v. Hardwick, 106 U.S. 252, 1 S.Ct. 213, 27 L. Ed. 145.

■ That appellee was to be organized was known to appellant when it entered into the agreement. The contract was executed with the understanding that it was to be organized in Arkansas. Its organization was completed before the staves were shipped and before payments were made.

We agree with the District Judge who held that there was but one controverted question left at the close of the trial, namely, the amount of appellee's damages.

Appellee sought damages for breach of the contract; and to the extent of $1,250, it claimed damages arising out of appellant's failure to continue the extension of $5,000 credit.

As to the last item the evidence failed to justify the recovery of anything more than nominal damages. Warren v. Stoddart, 105 U.S. 224, 26 L.Ed. 1117; 36 A.L. R. 1408, note, "Measure of Damages for Breach of Contract to Lend Money"; Ruling Case Law, Damages, § 31.

■ Appellee alleged damages of this character to the amount of $1,250. The verdict is general, and we can not therefore assume that the jury excluded this item from its verdict.

We find no merit in the attack on the damages allowed by the jury which grew out of the breach of the contract.

Rather than reverse and direct a new trial, we are convinced that appellee should be given the opportunity to remit the sum of $1,250 from the judgment. Cub Fork Coal Co. v. Fairmount Glass Company (C.C.A.) 59 F.(2d) 539. If such consent is filed in writing within thirty days from the announcement of this opinion, or within thirty days from the ruling on a petition for rehearing if one be filed and denied, the judgment will be affirmed. If such written consent to the remission of $1,250 is not filed within said time, the judgment is reversed with directions to grant a new trial.

Appellant shall recover the costs of this appeal.