217 P.2d 583

### GEYLER v. DAILEY et ux.

No. 5159.

Supreme Court of Arizona.

April 24, 1950.

Harold R. Scoville, of Phoenix, Charles A. Stanecker, of Phoenix, attorneys for appellant.

Fred V. Moore, of Phoenix, attorney for appellees.

PHELPS, Justice.

Appellant was plaintiff and appellees defendants in the trial court and they will be thus designated in this opinion. The facts in the case are that at all times here involved plaintiff was a duly licensed real estate broker engaged in the business of selling real estate in Arizona.

On August 28, 1947 defendants Dailey entered into a contract in writing with plaintiff giving to plaintiff the exclusive right until January 1, 1948, to sell an 80-acre ranch belonging to defendants for the sum of $32,000 payable in the manner provided in said contract and agreeing therein to pay a 5% commission to plaintiff in the event of sale.

Thereafter on October 10, 1947 plaintiff procured a purchaser for the ranch at the price named and payable in the manner provided for in the contract. The proposed purchaser was ready, able and willing to perform each and all of the terms of purchase provided for in the contract and at the time tendered his check in the sum of $3200 as earnest money. Defend-

ants refused to sell the ranch to the purchaser and claimed as an excuse therefor that they had on the previous day, to wit, on October 9th revoked plaintiff's authority to sell the ranch.

Plaintiff brought an action in the superior court of Maricopa County to recover the sum of $1600 as and for his commission as provided for in the contract. The cause was tried to a jury and a verdict and judgment was rendered in favor of defendants. From the judgment and order denying plaintiff's motion for a new trial this appeal is prosecuted.

Plaintiff assigns the following errors:

1. The court erred in failing and refusing to direct a verdict for plaintiff at the conclusion of the case for the reason that the evidence established a full performance by plaintiff of his part of the agency contract.

2. The court erred in refusing to remove from the consideration of the jury any question except the question of damages to plaintiff for defendants' breach of their contract with plaintiff.

3. The court erred in giving defendants' instruction No. 2 as follows:

"If you find from the evidence in this case that the defendants revoked the agreement which they had with plaintiff regarding the sale of their property prior to the time the defendants had procured a purchaser, ready, able and willing to purchase defendants' property upon the terms and conditions of said agreement, then I instruct you your verdict should be for the defendants and against the plaintiff."

4-5. The court erred in refusing to set aside the verdict of the jury for defendants and against plaintiff (a) for the reason that the verdict was and is contrary to law; (b) for the reason that the verdict is contrary to the evidence.

6. The court erred in denying plaintiff's motion for a new trial (a) for the reason that the motion for a directed verdict should have been granted at the close of the case; (b) for the reason that he refused to withdraw from the jury all questions of fact except as to damages for defendants' breach of contract with plaintiff.

■ There is no dispute in the evidence that plaintiff procured a purchaser for defendants' property who was ready, able and willing to take and pay for the property in question on the terms and conditions fixed by defendants in their contract with plaintiff. Under such circumstances we have consistently held that the broker is entitled to his commission. We said in Lockett v. Drake, 43 Ariz. 357, 31 P.2d 499, 500, that: " * * * It is the almost universally accepted rule of law that, in the absence of a specific contract to the contrary, when a real estate broker has brought together the parties to a sale or exchange of real estate, and they have agreed fully on the terms and entered into a binding contract for such sale or exchange, his duties are at an end and his

commission is fully earned, and it is immaterial that the parties to the contract rescind mutually or that one or the other thereof defaults and the sale or exchange is not fully effected. (Citing cases.) * * *." See also Eason v. Heighton, 49 Ariz. 237, 65 P.2d 1373; Sligh v. Watson, 69 Ariz. 373, 214 P.2d 123.

Defendants agree with the above principle of law but assert that defendants had a right to terminate plaintiff's agency contract and did terminate the same before he produced a purchaser for defendants' property, therefore defendants are not liable to plaintiff for any commission whatsoever, citing the case of Blaisdell v. Steinfeld, 15 Ariz. 155, 137 P. 555, 566, in support of their position.

The court said in that case: " * * * an authority to sell land, when not coupled with an interest, may be revoked at the will of the principal. * * *."

This is undoubtedly a correct statement of the law. The authorities are in conflict on the question of liability of a principal for the revocation of the authority of an agent where the agency is to exist for a definite period of time as in the instant case. The better rule seems to be, however, if the revocation of authority to sell results in a breach of the contract of agency the principal will be required to respond in any damages which may proximately result from such breach. Ex parte Allison, 211 Ala. 616, 101 So. 624; Dancey v. Bak-

er, 206 Ala. 236, 89 So. 590; Morning Star Mining Co. v. Bennett, 164 Ark. 244, 261 S.W. 639; Park v. Swartz, 110 Tex. 564, 222 S.W. 156; Emerson v. Pacific Coast & Norway Packing Co., 96 Minn. 1, 104 N.W. 573, 1 L.R.A., N.S., 445, 113 Am. St.Rep. 603, 6 Ann.Cas. 973; Merkeley v. Fisk, 179 Cal. 748, 178 P. 945; Rowan & Co. v. Hull, 55 W.Va. 335, 47 S.E. 92.

In Blaisdell v. Steinfeld, supra, the court held that the agency contract was usurious, illegal and void. The revocation of the agency in that case therefore did not constitute a breach of a contract. The question of the rights of an agent whose principal has breached a valid contract by revoking the agency was not before the court. The question is therefore of first impression in this jurisdiction.

The established rule of law that a principal has the power to revoke the authority of his agent at will is predicated upon the principle that a contract of agency calls for personal services and like other contracts creating personal relations will not be specifically enforced thus leaving the principal in such cases to determine how long the relation of principal and agent shall continue. This power exists even where the contract fixes a definite period for its existence. Under such circumstances, however, the power to revoke and the right to revoke are not coincidental. It does not follow that because a principal has the power to revoke the

authority of his agent at any time that he has the right to exercise such power without liability, regardless of his contract in the matter. As was said in Mechem on Agency, 1st ed., section 209: "* * * It is entirely consistent with the existence of the power that the principal may agree that for a definite period he will not exercise it, and for the violation of such agreement the principal is as much liable as for the breach of any other contract. * * *." See Rowan & Co. v. Hull, supra. Therefore where, as here, the agency by the terms of the contract is to remain for a definite period of time and the agency is exclusive, a revocation of the relationship between principal and agent within the period fixed by the contract constitutes a breach of contract and just as the breach of any other contract would do, subjects the principal to the payment of any damage which may proximately flow from such breach. S. Blumenthal & Co. v. Bridges, 91 Ark. 212, 120 S.W. 974, 24 L.R.A., N.S., 279; also see cases above cited.

▇▇▇ Where the agreement does not expressly or by implication fix a definite period during which his agency shall exist the power and the right of the principal to revoke the agency coincide and the exercise of the right entails no liability. In the instant case the agency was exclusive and existed for a definite period of time. In Merkeley v. Fisk, supra, the court said that the revocation of his contract with a broker by a principal could not operate to deprive the broker of his commissions if within the time fixed by the contract the broker, notwithstanding the revocation, procured a purchaser, ready, able and willing to purchase at the price and on the terms prescribed by the contract. In the instant case plaintiff had incurred expenses in endeavoring to find a purchaser. He found such a purchaser, ready, able and willing to purchase defendants' property in accordance with the provisions of the contract. Defendants' claim that they are not liable to plaintiff for the stipulated commission upon the ground that they had on the previous day revoked the authority of the agent to sell their ranch, does not constitute a valid defense. The better-reasoned authorities, and we believe the majority, hold to the contrary. To sustain defendants' position would be, to say the least, most inequitable. The trial court in its instruction on this point (No. 2 above quoted) was therefore in error.

▇▇▇ Plaintiff in his assignments of error No. 6 upon the ground (1) that the court erred in refusing to direct a verdict for the plaintiff at the close of the case; and (2) upon the ground that the court refused to withdraw from the jury questions of fact except as to damages for defendants' breach of contract with plaintiff presents the question of what is the true measure of damages in a case of this kind. Where

140

the contract does not provide what compensation an agent shall receive for his services, then the question must be submitted to the jury upon proper instruction for its ascertainment of the amount to be awarded to the plaintiff. The courts hold, however, that where the parties have provided by the agreement what the agent's compensation shall be in case the principal sees fit to revoke the authority prematurely such agreement will form the basis of the agent's recovery. Park v. Swartz, supra; Rowan & Co. v. Hull, supra. In the instant case the contract provided a commission of 5% to the plaintiff upon his producing a purchaser of defendants' land who was ready, able and willing to buy upon the terms and condition fixed by the owner. The purchaser produced by the plaintiff was ready, able and willing to pay $32,000 for defendants' property. The contract between plaintiff and defendants therefore definitely fixed the amount of the agent's compensation. A new trial would necessitate an instructed verdict in favor of the plaintiff for that amount.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded with instructions to enter judgment for the plaintiff and against the defendants in the sum of $1600.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.