SINDEN, d/b/a BADGER BUSINESS EXCHANGE, Appellant,
v. LAABS, Respondent.

*April 11—May 10, 1966.*

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief and oral argument by *Max E. Geline* of Milwaukee.

FAIRCHILD, J.   Plaintiff Sinden put in his case upon the theory that the listing document constituted a bilateral contract, binding Mrs. Laabs to keep open his opportunity to earn a commission until October 30th; that she was not free to revoke it unilaterally; that by her notice that she would refuse to sell, she excused him from producing a purchaser; and therefore, without producing one, he was entitled to his commission.

Defendant Laabs asserted that *Levander v. Johnson* [1] controls; that prior to performance by Sinden, she had the right to revoke, since her withdrawal of the property was "done in good faith and not for the purpose of defeating a claim for compensation" [2] and that Sinden's placing of advertisements and showing the property to prospects did not constitute performance.

The trial court apparently concluded that Mrs. Laabs could not revoke, but that Sinden was not entitled to a commission because he failed to produce a ready, willing and able buyer on or before October 30th.

The listing agreement was a bilateral contract, at least in form, binding both parties by mutual promises for a definite period of three months.   Even if Sinden's promise, reflected in the listing agreement, to "list" and to "use [his] efforts to find a purchaser" be deemed too insubstantial or vague to constitute sufficient consideration for Mrs. Laabs' promise to keep the exclusive listing agreement in force for three months, it was proved that Sinden did incur expense and put forth effort to find a purchaser. [3]

---

[1] (1923), 181 Wis. 68, 193 N. W. 970.

[2] Ibid. page 71.

[3] 12 Am. Jur. (2d), Brokers, p. 796, sec. 32.

Where an owner made a unilateral promise to pay brokers a commission on sale, revocable on ninety days' notice, this court has said that although the owner's signature did not make a contract, the brokers "might have accepted the implied obligations of the writing on their part by doing the work and incurring the expense that such writing contemplated should be performed and incurred, and such acceptance, so made, would result in a binding contract." [4]

"Although the principal may revoke the broker's agency notwithstanding the employment is to continue for a definite time, he renders himself liable, unless such revocation is for cause, for such damages as are the proximate result of his termination of the employment contract. This assumes, of course, that the contract is supported by consideration and is otherwise binding." [5]

We consider the foregoing statement applicable here. In the *Levander Case,* relied on by defendant, the only promise of the brokers reflected in the listing agreement was to "list" and they failed to show any sales efforts prior to the revocation. This court said:

"There is no actual showing in this case by plaintiffs of anything having actually been done by them in reliance upon the contract and for the purpose of performance thereunder prior to the time of the notice of revocation. There was nothing, therefore, in the shape of performance on their part sufficient to have made the contract absolute between the parties at the time of the revocation, under the views expressed in *Schoenmann v. Whitt,* 136 Wis. 332, 334, 117 N. W. 851." (Citing other cases.) [6]

The reference to *Schoenmann* suggests that the degree of performance required is the use of "ordinary diligence in endeavoring to make a sale of the property," as phrased in *Schoenmann.* As *Levander* stood, the court applied the rule governing an owner's unilateral promise

---

[4] *Schoenmann v. Whitt* (1908), 136 Wis. 332, 334, 117 N. W. 851.

[5] 12 Am. Jur. (2d), Brokers, p. 814, sec. 56.

[6] *Levander v. Johnson, supra,* page 71, footnote 1.

to pay a commission for effecting a sale and held that the owner may, when it is done in good faith and not for the purpose of defeating a claim for compensation, revoke, upon notice, his promise to pay a commission.[7]

Sinden's remedy was either to bring action for damages for breach of the contract or to disaffirm the contract and seek recovery of the reasonable value of the services he had rendered.[8] He attempted the former, but failed to prove any loss resulting from being deprived of the opportunity to sell between September 16th and October 30th. There is authority that in such case he would be entitled to "a small sum as nominal damages" [9] but he did not raise that point either in the trial court or here. He also failed to prove the reasonable value of his services, or the amount of disbursements he had made.

The nonsuit was properly granted.

*By the Court.*—Judgment affirmed.

---

[7] *Levander v. Johnson, supra,* page 71, footnote 1. See Restatement, 2 Agency (2d), p. 345, sec. 445, ch. 14.

[8] Restatement, 2 Agency (2d), p. 371, sec. 455, ch. 14. See 12 Am. Jur. (2d), Brokers, p. 819, sec. 64.

[9] Restatement, 2 Agency (2d), p. 371, sec. 455, ch. 14.