432 P.2d 405

A. A. MARCHIONDO, Plaintiff-Appellant,

v.

Frank SCHECK, Defendant-Appellee.

No. 8288.

Supreme Court of New Mexico.

Oct. 2, 1967.

Hanna & Mercer, Albuquerque, for appellant.

Marron & Houk, Dan A. McKinnon, III, Albuquerque, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

The issue is whether the offeror had a right to revoke his offer to enter a unilateral contract.

Defendant, in writing, offered to sell real estate to a specified prospective buyer and agreed to pay a percentage of the sales price as a commission to the broker. The offer fixed a six-day time limit for acceptance. Defendant, in writing, revoked the offer. The revocation was received by the broker on the morning of the sixth day. Later that day, the broker obtained the offeree's acceptance.

Plaintiff, the broker, claiming breach of contract, sued defendant for the commission stated in the offer. On the above facts, the trial court dismissed the complaint.

We are not concerned with the revocation of the offer as between the offeror and the prospective purchaser. With certain exceptions (see 12 C.J.S. Brokers § 95(2), pp. 223–224), the right of a broker to the agreed compensation, or damages measured thereby, is not defeated by the refusal of the principal to complete or consummate a transaction. Southwest Motel Brokers, Inc. v. Alamo Hotels, Inc., 72 N.M. 227, 382 P.2d 707 (1963).

Plaintiff's appeal concerns the revocation of his agency. As to that revocation, the issue between the offeror and his agent is not whether defendant had the power to revoke; rather, it is whether he had the right to revoke. 1 Mechem on Agency, § 568 at 405 (2d ed. 1914).

When defendant made his offer to pay a commission upon sale of the property, he offered to enter a unilateral contract; the offer was for an act to be performed, a sale. 1 Williston on Contracts, § 13 at 23 (3rd ed. 1957); Hutchinson v. Dobson-Bainbridge Realty Co., 31 Tenn.App. 490, 217 S.W.2d 6 (1946).

Many courts hold that the principal has the right to revoke the broker's agency at any time before the broker has actually procured a purchaser. See Hutchinson v. Dobson-Bainbridge Realty Co., supra, and cases therein cited. The reason given is that until there is performance, the offeror has not received that contemplated by his offer, and there is no contract. Further, the offeror may never receive the requested performance because the offeree is not obligated to perform. Until the offeror receives the requested performance, no consideration has passed from the offeree to the offeror. Thus, until the performance is received, the offeror may withdraw the offer. Williston, supra, § 60; Hutchinson v. Dobson-Bainbridge Realty Co., supra.

Defendant asserts that the trial court was correct in applying this rule. However, plaintiff contends that the rule is not applicable where there has been part performance of the offer.

Hutchinson v. Dobson-Bainbridge Realty Co., supra, states:

"A greater number of courts, however, hold that part performance of the con-

sideration may make such an offer irrevocable and that where the offeree or broker manifests his assent to the offer by entering upon performance and spending time and money in his efforts to perform, then the offer becomes irrevocable during the time stated and binding upon the principal according to its terms. * * *"

Defendant contends that the decisions giving effect to a part performance are distinguishable. He asserts that in these cases the offer was of an exclusive right to sell or of an exclusive agency. Because neither factor is present here, he asserts that the "part performance" decisions are not applicable.

Many of the decisions do seem to emphasize the exclusive aspects of the offer. See Garrett v. Richardson, 149 Colo. 449, 369 P.2d 566 (1962); Geyler v. Dailey, 70 Ariz. 135, 217 P.2d 583 (1950); S. Blumenthal & Co. v. Bridges, 91 Ark. 212, 120 S.W. 974, 24 L.R.A.,N.S., 279 (1909); Williston, supra, § 60A, note 6, and cases there cited. See also Manzo v. Park, 220 Ark. 216, 247 S.W.2d 12 (1952), where a listing agreement for a definite period of time was held to imply an exclusive right to sell within the time named.

Such emphasis reaches its extreme conclusion in Tetrick v. Sloan, 170 Cal.App.2d 540, 339 P.2d 613 (1959), where no effect was given to the part performance because there was neither an exclusive agency, nor an exclusive right to sell.

■ Defendant's offer did not specifically state that it was exclusive. Under § 70–1–43, N.M.S.A.1953, it was not an exclusive agreement. It is not the exclusiveness of the offer that deprives the offeror of the right to revoke. It is the action taken by the offeree which deprives the offeror of that right. Until there is action by the offeree—a partial performance pursuant to the offer—the offeror may revoke even if his offer is of an exclusive agency or an exclusive right to sell. Levander v. Johnson, 181 Wis. 68, 193 N.W. 970 (1923).

■ Once partial performance is begun pursuant to the offer made, a contract results. This contract has been termed a contract with conditions or an option contract. This terminology is illustrated as follows:

"If an offer for a unilateral contract is made, and part of the consideration requested in the offer is given or tendered by the offeree in response thereto, the offeror is bound by a contract, the duty of immediate performance of which is conditional on the full consideration being given or tendered within the time stated in the offer, or, if no time is stated therein, within a reasonable time." Restatement of Contracts, § 45 (1932).

Restatement (Second) of Contracts, § 45, Tent. Draft No. 1, (approved 1964, Tent. Draft No. 2, p. vii) states:

"(1) Where an offer invites an offeree to accept by rendering a performance and does not invite a promissory acceptance, an option contract is created when the offeree begins the invited performance or tenders part of it.

"(2) The offeror's duty of performance under any option contract so created is conditional on completion or tender of the invited performance in accordance with the terms of the offer."

Restatement (Second) of Contracts, § 45, Tent. Draft No. 1, comment (g), says:

"This Section frequently applies to agency arrangements, particularly offers made to real estate brokers. * * *"

See Restatement (Second) of Agency § 446, comment (b).

The reason for finding such a contract is stated in Hutchinson v. Dobson-Bainbridge Realty Co., supra, as follows:

"This rule avoids hardship to the offeree, and yet does not hold the offeror beyond the terms of his promise. It is true by such terms he was to be bound only if the requested act was done; but this implies that he will let it be done, that he will keep his offer open till the offeree who has begun can finish doing it. At least this is so where the doing of it will

necessarily require time and expense. In such a case it is but just to hold that the offeree's part performance furnishes the 'acceptance' and the 'consideration' for a binding subsidiary promise not to revoke the offer, or turns the offer into a presently binding contract conditional upon the offeree's full performance."

 We hold that part performance by the offeree of an offer of a unilateral contract results in a contract with a condition. The condition is full performance by the offeree. Here, if plaintiff-offeree partially performed prior to receipt of defendant's revocation, such a contract was formed. Thereafter, upon performance being completed by plaintiff, upon defendant's failure to recognize the contract, liability for breach of contract would arise. Thus, defendant's right to revoke his offer depends upon whether plaintiff had partially performed before he received defendant's revocation. In re Ward's Estate, 47 N.M. 55, 134 P.2d 539, 146 A.L.R. 826 (1943), does not conflict with this result. Ward is clearly distinguishable because there the prospective purchaser did not complete or tender performance in accordance with the terms of the offer.

 What constitutes partial performance will vary from case to case since what can be done toward performance is limited by what is authorized to be done. Whether plaintiff partially performed is a question of fact to be determined by the trial court.

 The trial court denied plaintiff's requested findng concerning his partial performance. It did so on the theory that partial performance was not material. In this the trial court erred.

Because of the failure to find on the issue of partial performance, the case must be remanded to the trial court. State ex rel. Reynolds v. Board of County Comm'rs., 71 N.M. 194, 376 P.2d 976 (1962). We have not considered, and express no opinion on the question of whether there is or is not substantial evidence in the record which would support a finding one way or the other on this vital issue. Compare Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965).

The cause is remanded for findings on the issue of plaintiff's partial performance of the offer prior to its revocation, and for further proceedings consistent with this opinion and the findings so made.

It is so ordered.

NOBLE and MOISE, JJ., concur.