485 P.2d 978

**Ray WHITE, Plaintiff-Appellee,**

v.

**Paul RAGLE, Defendant-Appellant.**

**No. 562.**

Court of Appeals of New Mexico.
May 21, 1971.

J. W. Reynolds, Robertson & Reynolds, Silver City, for defendant-appellant.

J. Wayne Woodbury, Silver City, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

This is a suit for a real estate broker's commission based upon an exclusive listing contract which was subsequently revoked. White recovered a judgment, and Ragle appeals.

We affirm.

Ragle's appeal is based upon alleged error in the trial court's findings of fact and conclusions of law.

Ragle makes the following claims of error on appeal, (1) that White's exclusive listing contract was not coupled with an interest, was not partially performed and was revocable at will; (2) that White was not the procuring cause of the sale; and (3) that there was an accord and satisfaction between the parties.

The trial court found that on March 3, 1965, White, Ragle and McCauley entered into a written contract whereby Ragle and McCauley employed White as a real estate broker under an exclusive agency with the exclusive right to sell real estate in Grant County. White was to receive a commission on the total selling price on the sale or exchange of any or all of the property during a five-year term from March 3, 1965.

The trial court also found that from March 3, 1965, until July 12, 1967, plaintiff exerted extensive efforts toward the sale, and expended many hours and spent substantial money toward the promotion and sale of the property which included, (1) an exchange of a portion of the property with the Town of Silver City, which portion had a substantial value without clear and convincing evidence of its unimproved value; (2) contacting many persons, and (3) being contacted by Hay who had seen White's "For Sale" sign on the property. White authorized Hay to deal directly with Ragle for the purchase of property, provided White was protected in his commission. Hay purchased the property from Ragle and was the owner at the time of trial, March 9, 1970. White was the procuring cause of the exchange and the sale.

On July 12, 1967, Ragle wrongfully and without provocation undertook to cancel White's written contract, and directed a letter of cancellation to White. This was a breach of the contract because the five-year listing period had not ended.

Late in December, 1968, and early 1969, Ragle paid White a total sum of $300.00. This did not constitute an accord because there was no meeting of the minds as to the amount to be paid, or the terms of pay-

ment. There was no tender of the balance of moneys claimed to be due under the alleged accord, by Ragle to White, in the sum of $2200.00. Although these findings were challenged by Ragle, we believe they have substantial support in the evidence.

The trial court concluded that White was entitled to recover upon one or more of the following theories (alternately or collectively):

A. White was the procuring cause for the exchange of lands between Ragle and the Town of Silver City which was substantial partial performance under the White-Ragle contract;

B. White was the procuring cause for the sale of the entire tract of land to Hay;

C. White's exclusive listing contract was coupled with an interest in the real estate (the exchange of property procured by White and White's efforts in obtaining zoning changes for Ragle's land);

D. White's contract was an exclusive agency with exclusive right of sale. White had partially performed pursuant to the contract or offer before attempted cancellation or revocation by Ragle; the contract became irrevocable during the time stated, March 3, 1965, through March 2, 1970, and binding on Ragle according to its terms.

*Was the Exclusive Listing Contract Subject to Revocation at Will?*

▪ : Ragle contends that the trial court's finding that the contract was irrevocable because it was coupled with an interest and that White had partially performed was totally unsupported by the law and the evidence. The contract provided:

"EXCLUSIVE AGENCY WITH EXCLUSIVE RIGHT. Broker is hereby appointed Owner's exclusive agent, and Broker is hereby granted the exclusive right to sell the said property at the price and on the terms herein stated, or at such other price as may be accepted by Owner. In case of any sale or exchange of property to any party during the said period by any party, including Owner, Owner shall pay Broker 4½% commission of the total selling or exchange price plus sales tax."

The above provision creates both an exclusive agency *and* an exclusive right in White to sell. This is a broad grant of authority.

Marchiondo v. Scheck, 78 N.M. 440, 432 P.2d 405 (1967), was not an exclusive listing contract case. However, two authorities were cited which provide that such contracts may be revoked at will until there is action by the broker, such as partial performance, pursuant to the offer made by the contract. Hutchinson v. Dobson-Brainbridge Realty Co., 31 Tenn.App. 490, 217 S.W.2d 6 (1946); Levander v. Johnson, 181 Wis. 68, 193 N.W. 970 (1923).

It is interesting to note that *Marchiondo* is now cited in favor of the rule that "a broker's agency is not rendered irrevocable by the fact that his power to sell is made exclusive." 12 C.J.S. Brokers § 16(b), note 44, Supp. The *Marchiondo* court said:

"Until there is action by the offeree—*a partial performance pursuant to the offer*—the offeror may revoke even if his offer is of an exclusive agency *or* an exclusive right to sell. Levander v. Johnson, 181 Wis. 68, 193 N.W. 970 (1923)." [Emphasis added].

In the present case, White had an exclusive agency *and* an exclusive right to sell. To determine revocability at will, the only issue to decide is whether there was partial performance by White. If so, the power to revoke died and White earned his commission.

*Was the Contract Partially Performed?*

The trial court concluded that White had partially performed pursuant to the contract or offer before the attempted cancellation or revocation by Ragle and, therefore, the contract became irrevocable.

In Marchiondo v. Scheck, supra, the court said:

"Once partial performance is begun pursuant to the offer made, a contract results.

\* \* \* \* \* \*

"Thus, defendant's right to revoke his offer depends upon whether plaintiff had partially performed before he received defendant's revocation.

\* \* \* \* \* \*

"What constitutes partial performance will vary from case to case since what can be done toward performance is limited by what is authorized to be done. Whether plaintiff partially performed is a question of fact to be determined by the trial court."

The trial court found that from March 3, 1965, the date of the contract, to July 12, 1967, the date of revocation, White exerted extensive efforts toward the sale of the property and expended many hours and spent substantial money toward promotion and sale of the property; that after March 3, 1965, pursuant to the terms of the contract, plaintiff negotiated an exchange of a portion of the property with the Town of Silver City which had substantial value; that plaintiff contacted many persons toward the sale, including adjacent landowners, prospects for the erection of a motel, shopping center, and other commercial pursuits.

■ We have reviewed the record and find substantial evidence to support the trial court's findings and conclusions that White had partially performed before the date of revocation. The revocation was ineffective. Ragle later sold to Hay all of the property, including that received in the exchange for a very substantial sum.

■■ Exclusive agency with exclusive right provision, supra, is clear and unambiguous. The exclusive agency provision precludes Ragle from employing another broker. The exclusive right to sell protects White's real estate commission upon any sale by Ragle or anyone else. 12 C.J.S. Brokers § 94; 12 Am.Jur.2d Brokers, § 227, p. 971.

■ White is entitled to his real estate commission.

Inasmuch as White partially performed and established a binding contract, it is unnecessary to consider Ragle's other claims, (1) that the exclusive listing was not coupled with an interest, and (2) whether White was the procuring cause of the exchange or sale.

*Was there an Accord and Satisfaction?*

Ragle contends that there was an accord and satisfaction. The trial court found that late in 1968 and early in 1969, Ragle paid White a total sum of $300.00 that did not constitute an accord because there was no meeting of the minds as to the amount to be paid, nor a meeting of the minds as to the terms of payment; that there was no tender of the balance of moneys claimed to be due under the alleged accord by Ragle to White in the sum of $2200.00. The trial court concluded that no accord and satisfaction was ever consummated; that, even if an accord had been reached, it was an "accord executory"; there was no satisfaction of it, and Ragle materially breached the terms thereof.

White testified that he could never get an agreement; that he attempted to work out a settlement but never had a meeting of the minds.

Ragle's contention is based primarily on correspondence. On May 24, 1968, Ragle offered to settle the commission problem for $2500.00, upon sale of the land and payment. On July 24, 1968, White agreed to accept the amount if it were paid immediately. On August 20, 1968, Ragle wrote that he would pay $2500.00 when he was paid some money on the land. He also offered to pay White $100 a month, beginning in September and the minute he got his "big money," he would pay off. White would not accept the offer because it had no termination date. If Ragle would fix a day certain to pay the full amount, it

would be all right. On November 26, 1968, Ragle received a notice that White wanted to withdraw his offer to settle. On December 11, 1968, January 31, 1969, and February 1, 1969, Ragle sent White $100 checks which were cashed by White. On February 22, 1969, White cancelled negotiations for settlement because the full amount was not paid immediately.

On January 22, 1968, Hay, the purchaser, executed a real estate mortgage note for $153,000, $80,000 of which was to be paid to Ragle by January 10, 1969. On February 9, 1969, Ragle gave instructions to White's attorney that when the attorney was paid the money from the Texaco people, he was to put $2300 in the Ragle account at the Grant City Bank with the right of White to get it.

White filed suit on April 30, 1969. On May 9, 1969, the Ragle-Hay real estate transaction was closed, the money paid, and it was credited in the bank on May 12, 1969.

*Did this Constitute an Accord and Satisfaction?*

This defense was defined in Miller v. Prince Street Elevator Co., 41 N.M. 330, 68 P.2d 663 (1937), as follows:

> "An 'accord' is an agreement, an adjustment, a settlement of former difficulties, and presupposes a difference, a disagreement as to what is right. A 'satisfaction' is a performance of the terms of the accord; if such terms require a payment of a sum of money, then that such payment has been made."

The burden of proof was clearly upon Ragle. Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968). This burden failed.

Even if the oral and documentary evidence was sufficient to raise an issue of fact, substantial evidence sustains the trial court's findings and conclusions.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.