RABER v. HYDE.

1. TRESPASSERS—STATE LAND—TIMBER—TITLE.
   A trespasser on State tax lands acquires no title to timber he cuts thereon and can transfer none.
2. REPLEVIN—QUESTIONING TITLE.
   Where plaintiff in replevin claims railroad ties by virtue of a sale by a State trespass agent, the ties having been cut on State land, defendant, claiming under a sale by the trespasser, cannot question plaintiff's title.

Error to Cheboygan; Shepherd, J. Submitted October 4, 1904. (Docket No. 165.) Decided October 26, 1904.

Replevin by Philip W. Raber and Artemus D. Watson, copartners as Raber & Watson, against Robert N. Hyde. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*H. W. Harpster*, for appellant.
*Frost & Sprague*, for appellees.

CARPENTER, J. This is an action of replevin to recover the possession of certain railroad ties. These ties were made by one William Meden, and it must be assumed on this record that they were made from timber growing on certain State tax lands. Before the ties were made, Meden had contracted to sell them to plaintiffs, the place of delivery being specified as Bellant's Landing, on Lake Huron. Meden had also, it seems, agreed in a prior contract to sell the ties to the defendant. The place of delivery specified in this contract was High Banks, a point on Lake Huron about two miles north of Bellant's Landing. Meden did in fact deliver the ties at Bellant's Landing, where they were inspected and accepted by plaintiffs. Shortly thereafter the ties were seized by a State trespass agent on the ground that, the timber having been cut on State tax lands, the ties belonged to the State. This State trespass agent subsequently sold the ties to plaintiffs. Still later, defendant, claiming the ties as his under his contract with Meden, seized them, and carried them away. Thereupon plaintiffs instituted this suit. The trial court directed a verdict in plaintiff's favor. Was this correct ?

It is clear that the ties never belonged to Meden, and therefore do not belong to defendant. They do belong either to the State or to plaintiffs. Defendant insists that the title acquired by plaintiffs from the sale by the State was defective. If this is true, it does not aid defendant. The State does not question plaintiffs' title, and defendant, having no right to the possession of the ties, cannot question it. See *Allen* v. *Cowley*, 128 Mich. 530.

Defendant complains of certain rulings admitting testimony, which, under this view of the case, are unimportant. We decline, therefore, to consider them.

Judgment is affirmed, with costs.

The other Justices concurred.