213 P.2d 438

**CHAVEZ v. CHAVEZ.**

No. 5213.

Supreme Court of New Mexico.

Jan. 9, 1950.

Robert H. LaFollette, Albuquerque, for appellant.

Owen B. Marron, Albuquerque, Alfred H. McRae, Albuquerque, for appellee.

COMPTON, Justice.

This is an appeal from an order denying motion to vacate a judgment for irregularity.

Appellee alleged that appellant assaulted and beat him and as a result he had been damaged in the amount of $15,000.00. Appellant entered a general denial to the charges. The cause was tried to the court without a jury and a judgment for appellee, awarding damages of $3,500.00, was entered on January 8, 1949. On May 11, 1949, appellant filed a motion to vacate the judgment for irregularity which motion was summarily denied.

The claimed irregularity consists in the trial court's failure to correctly remember the testimony of both appellant and appellee which resulted in their testimony being disregarded, and without which, it is claimed, there is no substantial evidence to support the judgment. It may be granted that the judgment is erroneous but appellant took no action in the lower court to correct the error.

Mere misapprehension as to the nature, the extent or effect of the evidence, or the trial court's failure to remember it, will not warrant interference with a judgment regularly entered, after the thirty days' statutory time in which the trial court has control of its judgment. When the trial court has heard the testimony and has reached a final conclusion therefrom, whether correctly or otherwise, its judgment is not to be disturbed under statutes authorizing relief for mistake, inadvertence or irregularity, but by some other appropriate remedy as motion for new trial or appeal.

"Independent of statutory provisions and notwithstanding the general rule limiting the court's authority over judgments to

the term at which they were rendered, it has power to correct nonjudicial mistakes in its proceedings and may annul within a reasonable time, orders and judgments inadvertently or improvidently made. Where the court has been deceived or is laboring under a mistake or misapprehension as to the state of the record or as to the existence of other extrinsic facts upon which its action is predicated, it may vacate the judgment which it would not otherwise have made. * * *

" * * * it is well settled that neither a final judgment nor a final decree, pronounced upon a hearing on the merits, can be set aside upon motion after the term, or, where terms have been abolished, after it has become final, for any judicial errors, either of law or fact, into which the court may have fallen. The law does not permit any judicial tribunal to exercise a revisory power over its own adjudications, after they have, in contemplation of the law, passed out of the 'breasts of the judges'. Judicial error is not correctible under statutes authoring relief for mistake, accident, inadvertence and excusable neglect, or irregularity or similar causes, but must be remedied in some other appropriate way, as by motion for new trial or appeal. This is true of erroneous rulings made during the trial or the fact that the findings are not within the issues or not supported by the evidence, or that costs have been erroneously taxed. Judicial errors in computing or determining the amount of damages do not authorize the vacation of the judgment. * * *" At 1, Freeman on Judgments, 5th.Ed., Secs. 200, 221.

At 49 C.J.S., Judgments, § 275, the author states the rule thus: "Error or mistake of fact going to the validity or regularity of the judgment, such as furnished ground for the writ of error coram nobis at common law, * * * has been held a ground, sometimes by virtue of statutory provisions, for opening or vacating the judgment. Errors of fact within this rule are errors in material matters; prejudicial to the judgment debtor, and which, if known, would have prevented rendition of the judgment. Erroneous or mistaken findings as to facts in issue afford no ground for vacating the judgment." To the same effect: Heron v. Gaylor et al., 52 N.M. 23, 190 P.2d 208; Wallis v. Mulligan, 20 N.M. 328, 148 P. 500; Ealy v. McGahen, 37 N. M. 246, 21 P.2d 84; Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179; Martindal v. Battey et al., 73 Kan. 92, 84 P. 527; Clark v. Roman et al., 50 Okl. 780, 151 P. 479; Cameron v. Piller, Sup., 173 N.Y.S. 132; Owen v. Crocker-Huffman Land & Water Co., Cal.D.C. of App., Third District, 38 Cal.App. 649, 177 P. 299.

It is our conclusion that the error, if any, was a judicial error and the judgment cannot be set aside as irregular.

Appellant next argued that the court erred in failing to make certain findings of fact. He also complains that the judgment is excessive and not supported by substantial evidence. The latter contention challenges the sufficiency of the evidence. However, in the trial court he made no request for other or additional findings nor interposed objections to the findings made, except as previously stated in the motion to vacate, or otherwise called to the attention of the trial court the claimed error. He cannot now complain. "A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions." Rule 52, our Rules of Civil Procedure, subparagraph (B) (6), 1941 Comp. Sec. 19-101. And in the absence of exceptions, this court will not review the record to determine whether the judgment is supported by substantial evidence. Teaver v. Miller, 53 N.M. 345, 208 P.2d 156; Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154.

The judgment and order will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.