228 P.2d 433

**CASE v. HENRY et al.**

No. 5247.

Supreme Court of New Mexico.

March 2, 1951.

Jack S. McGarry, Carlsbad, for appellant.

Brand & Rose, Hobbs, for appellees.

COMPTON, Justice.

The appeal involves the validity of a tax title.

Appellant, claiming ownership to certain lands in Lea County, filed his complaint in statutory form to quiet title thereto. Appellee denied appellant's title and by cross complaint seeks to quiet title in her. Among the defenses asserted and by way of new matter, she alleges that she made timely application to the county treasurer of Lea County to pay all taxes, penalties, interest and cost for the redemption of the outstanding tax title but was prevented from doing so on account of the negligence

of the county treasurer. The allegation of tender was denied by appellant.

Upon the issues presented, the court made the following essential findings:

(2.) That under a sale of said land for taxes for the year of 1942, a tax sale certificate was issued by the Treasurer of Lea County to the State of New Mexico, and later assigned to Plaintiff, N. C. Case; that after the period for redemption, which expired January 21, 1946, there was issued to said Plaintiff a tax deed covering the whole of the Southwest Quarter of Section Twenty-six (26), Township Twenty-five (25) South, Range Thirty-seven (37) East, Lea County, New Mexico.

(5.) That within the time allowed Defendant by law for redemption of the property described in the Complaint from the tax sale under which Plaintiff is claiming, Defendant, at the office of the Treasurer of Lea County, New Mexico, attempted in good faith to ascertain the amount of all taxes, penalties, redemption fees and all other charges that were against the said property and tendered payment of all such taxes and charges, but that she was prevented from so doing by the mistaken, negligent and misleading information and advice given her by the said Treasurer.

(6.) That the Defendant relied in good faith upon such advice of the County Treasurer.

The court then concluded as a matter of law:

2. That the tax deed covering this Quarter Section heretofore issued to Defendant is a nullity and that he took no interest in the land covered thereby under such deed.

3. That the failure of the Treasurer to accept the payment offered by the defendant for taxes and his erroneous advice to her that the taxes had been paid operated to preclude the defendant Delia Alston Henry from redeeming her interest in the minerals, and said Treasurer's acts amounted to fraud.

No attack is made upon the findings of fact, therefore, the findings must be considered as the facts of the case for the purpose of review. Gunderson v. Sage, 54 N.M. 347, 225 P.2d 136; Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141.

The principle is well settled that where a taxpayer, in good faith, makes timely effort to pay taxes and failure to do so is caused by the fraud, mistake or negligence of a public officer whose duty it is to impart correct information to such taxpayer, he does not lose his right to redeem by his failure to comply with the statute. Scudder v. Hart, 45 N.M. 76, 110 P.2d 536; Kershner v. Sganzini, 45 N.M. 195, 113 P.2d 576, 134 A.L.R. 1290; State ex rel. McFann v. Hately, 34 N.M. 86, 278 P. 206;

Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 164 A.L.R. 1280.

In Kershner v. Sganzini, supra, in dealing with a similar case, we said:

"We have said concerning fraud mentioned in Sec. 24 of Chap. 27, Laws 1934 [Sp.Sess.], where it is provided 'In all cases where the owner of land sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the said lands, or in the purchaser, to defeat the same, and, if fraud is established, such title shall be void,' that this 'contemplates constructive as well as actual fraud, and (that such acts do) not necessarily imply any actual dishonesty of purpose, nor intent to deceive.' Scudder v. Hart, 45 N.M. 76, 110 P.2d 536, ·539, supra. Also, in this case, in touching upon the importance to be attached to the inability or omissions of the tax official to furnish necessary information and their relation to the problem as constructive fraud, we quoted with approval the following language from 61 C.J. 1290, Sec. 1794, where it is stated:

" 'It is the duty of the proper officers to impart correct information to those seeking to redeem from tax sales, and an owner does not lose his right to redeem by permitting the appointed time to elapse, or paying less than the proper amount, or otherwise failing to comply with the directions of the statute, when this was caused by the fraud of a public officer, or by the latter's inability to furnish necessary information, or by his mistake, negligence, or miscalculation, or by misleading advice given by him; no act of misconduct by him can prevent the redemption.' " [45 N.M. 195, 113 P.2d 578.]

And again in Scudder v. Hart, supra, we similarly held: " 'The statute of limitations fixing a period within which lands sold for nonpayment of taxes may be redeemed does not apply to a case where all the taxes due upon such lands have been regularly tendered, and the proper amount has not been paid merely because the officer to or through whom such payment could alone be made has negligently made a misstatement as to the sum actually due.' " [45 N.Mex. 76, 110 P.2d 539.]

■ Appellant's assignments of error are directed at the court's failure to make certain conclusions of law requested by him. The conclusions made are amply supported by the findings, and the requested conclusions being in conflict with those made by the court, were properly denied.

■ Appellee assigns as error the failure of the court to include the surface of the land, as well as the minerals, in conclusion of law No. 3. Upon a consideration of the findings of fact, other conclusions of law, and the judgment, we are of the opinion that failure to include the surface of the land in its conclusion of law No. 3 was

due to inadvertence and mistake.

The judgment should be affirmed as to appellant, and remanded with directions to the trial court to amend its conclusion of law No. 3 so as to include the surface of the land. And it is so ordered

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

COORS, J., did not participate.