383 P.2d 239

**William A. SCOTT, Plaintiff-Appellant,**

v.

**HOMESTAKE–SAPIN, Partners, a New Mexico Corporation, Employer, and the Travelers Indemnity Company, Insurer, Defendants-Appellees.**

No. 7235.

Supreme Court of New Mexico.

July 1, 1963.

Traub, Parham & Zuris, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellees.

CARMODY, Justice.

Claimant appeals from a workmen's compensation award of 30% disability granted him by the district court.

The only effort made to attack the findings is to relate part of the testimony, which the claimant urges required different findings to be made by the trial court. This attempt is in no sense in compliance with Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M.S.A.1953), and, therefore, will not be considered. Under such circumstances, in accordance with our long-standing rule, the findings as made by the trial court are the findings before us. Rone v. Calvary Baptist Church, 1962, 70 N.M. 465, 374 P.2d 847. Even so, claimant asserts, as we understand it, that the trial court applied a mechanical or mathematical formula in arriving at its determination of the amount of disability and in so doing committed error. We do not so view the findings.

The trial court found, insofar as material, that the claimant was thirty-one years old, with a high-school education, and during his lifetime had been employed as a miner, welder and mechanic, and was employed by the defendant corporation as a miner; that the claimant suffered a compensable injury on November 30, 1959, and received compensation until May 7, 1960; that from that date until December 13, 1961, claimant was employed by the defendant, first in a janitorial capacity and later as a relief-hoist man; that the claimant performed his tasks in a satisfactory manner, and that he was not, by reason of his injuries, disabled from the tasks required; that the payment of wages during this period was based upon the services performed; that the employment was in good faith and of value to the employer; and that the claimant voluntarily left his employment on December 13, 1961, but that the termination was not the result of his inability to perform the tasks required. The court then found that claimant's earning capacity, based upon his physical condition as a result of his injury, was decreased 30%, and, further, that the decrease in his actual earnings as a result of the injury was 26%.

From these findings, the court concluded that the plaintiff was entitled to judgment in the amount of 30% of $38.00 per week for a period of 500 weeks, less the number of weeks for which compensation had already been paid.

It is argued that the failure of the trial court to make findings as to functional disability, employability in the open market, ability to pass pre-employment physicals, pain and suffering while engaged in gainful employment, and employer's sympathy, constitutes fundamental error. In this regard, claimant maintains that the findings actually made as to decrease in wages, reduction of earning capacity, and medical disability, are not sufficient. We cannot agree. There is no necessity, nor is it proper, for the trial court to make such

**270**

evidentiary findings as claimant avers. Section 21–1–1(52) (B) (a) (2), N.M.S.A. 1953; cf. Industrial Supply Co. v. Goen, 1954, 58 N.M. 738, 276 P.2d 509. The ultimate findings made by the court amply sustain the judgment under the provisions of § 59–10–18.3, N.M.S.A.1953, and are in accordance with our rulings in Batte v. Stanley's, 1962, 70 N.M. 364, 374 P.2d 124, and Pies v. Bekins Van & Storage Company, 1962, 70 N.M. 361, 374 P.2d 122.

It is apparent from the trial court's findings that full consideration was given to the decrease of claimant's earning capacity or ability, and that this was not limited to, nor did it necessarily follow from, the finding of partial impairment of the body function. We perceive nothing from the findings of this case which would bring it in conflict with Lozano v. Archer, 1962, 71 N.M. 175, 376 P.2d 963. There, the workman was totally disabled from doing the only type of work for which he had training or experience, and this is obviously not true in this case. See also Churchill v. City of Albuquerque, 1959, 66 N.M. 325, 347 P.2d 752, with reference to our decision under the prior law relative to the circumstances to be considered as to total or partial disability.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.