400 P.2d 470

Charles Ray McAFOOS, Plaintiff-Appellant,

v.

BORDEN IMPLEMENT CO., Employer, and the Travelers Insurance Companies, Insurer, Defendants-Appellees.

No. 7592.

Supreme Court of New Mexico.

March 22, 1965.

Dan B. Buzzard, Clovis, for appellant.

Smith, Smith & Tharp, Clovis, for appellees.

NOBLE, Justice.

Claimant has appealed from a judgment denying his claim for workmen's compensation.

Initially, we think it important to note that the facts found by the trial court are those upon which the case rests in this court, unless they are set aside. Bounds v. Carner, 53 N.M. 234, 205 P.2d 216. The court found the following pertinent facts:

"V. That in connection with such employment and while engaged in his employer's business, plaintiff was required to use a vehicle belonging to Borden Implement Co., for transporta-

tion and that said plaintiff used his own personal vehicle for transportation while in the course of his employment only upon the specific and prior authorization of defendant Borden Implement Co.

"VI. That said plaintiff was injured while driving his own vehicle and after he had left his employment on the evening of February 26, 1963, at a point north of Clovis, Curry County, New Mexico.

"VII. That plaintiff was not acting within the course of or scope of his employment at the time of and immediately prior to receiving said injury."

We do not reach claimants attack that finding no. 5 is unsupported by substantial evidence because findings nos. 6 and 7 completely dispose of this appeal. They find not only that claimant was injured at a time when he was not acting within the scope of his employment, but that the injury occurred after he had left his employment. The sufficiency of the evidence to support these findings is not directly attacked and they are, therefore, binding upon this court. Haden v. Eaves, 55 N.M. 40, 226 P.2d 457; Arias v. Springer, 42 N.M. 350, 78 P.2d 153.

Accepting, as we must, the findings to the effect that the injury was not one "arising out of, and in the course of his employment," it follows that there could be no recovery in workmen's compensation. Sec. 59–10–13.3, N.M.S.A.1953; Brundage v. K. L. House Construction Co., Inc., 74 N.M. 613, 396 P.2d 731; Walker v. Woldridge, 58 N.M. 183, 268 P.2d 579. Claimant seeks to avoid the effect of findings 6 and 7 by contending that these findings resulted solely from the determination made in finding no. 5 that prior authorization was required to permit his use of his own automobile in the performance of any of his duties for employer, which has no support in the evidence. In view of the express finding that claimant's injury occurred after he had left his employment, any determination by us as to the basis of the trial court's finding would be pure speculation.

It follows that the judgment should be affirmed, and it is so ordered.

CHAVEZ and MOISE, JJ., concur.