423 P.2d 603

**Elvin GEESLIN, Plaintiff-Appellee,**

**v.**

**GOODNO, INC., and Hartford Fire Insurance Company Group, Defendants-Appellants.**

**No. 8105.**

Supreme Court of New Mexico.

Feb. 6, 1967.

.White & Musgrove, Farmington, for appellants.

James L. Brown, Farmington, for appellee.

OPINION

COMPTON, Justice.

This is the second appeal from an award of total disability of workmen's compensation benefits to the claimant. Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156. On the first appeal the cause was remanded to the trial court to make findings as to whether there had been compliance with the notice provisions of the Workmen's Compensation Act, § 59–10–13.4, N.M.S.A. 1953. On remand the trial court found that the employer's superintendent observed the claimant's obvious pain and discomfort for a period of time after the accident; that its superintendent made a report of the accident five days after its occurrence; and that defendant Hartford Insurance Company Group paid certain medical bills in treating the injuries suffered as a result of the accident. The trial court concluded

that defendants had notice of the claimant's accident and injury. Accordingly, judgment was entered and the defendants appeal.

The sole issue on this appeal is whether the employer had notice of the accident and injury. Appellants argue that the findings were based upon nothing more than casual conversations and were, therefore, insufficient to constitute notice as contemplated by the Act, citing Scott v. General Equipment Company, 74 N.M. 73, 390 P.2d 660; Wilson v. Navajo Freight Lines, Inc., 73 N.M. 470, 389 P.2d 594; Daulton v. Laughlin Bros. Drilling Company, 73 N.M. 232, 387 P.2d 336, and others.

■ Admittedly, no written notice of the accident and injury was given the employer but in Waymire v. Signal Oil Field Service, Inc., 77 N.M. 297, 422 P.2d 34, recently decided, we held that when the employer's superintendent filled out a written report of the accident and injury, after a verbal conversation with the claimant, such additional action distinguished the case from the casual conversation cases. It is not disputed here that the superintendent, after having been informed of the accident and injury, made out a report of the accident and injury, and that the insurance carrier paid certain medical bills. These facts manifest an acknowledgment by the appellants of notice of the accident and injury, and we hold, therefore, that appellants had actual knowledge of the accident and injury. No additional notice is required. Compare Baca v. Swift & Company, 74 N.M. 211, 392 P.2d 407; Lozano v. Archer Co. of Hatch, New Mexico, 71 N.M. 175, 376 P.2d 963; Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933; and Buffington v. Continental Casualty Company, 69 N.M. 365, 367 P.2d 539.

■ Appellants further contend that even if they had notice of the accident and injury of May 9, 1962 being a "strained back," they did not have notice of the slipped disc injury, the basis of the present claim, as shown by a diagnosis of March, 1963. There is no merit to this contention. The employer had notice of a compensable injury to claimant's back in May, 1962. Neither the claimant nor the employer were then in a position to know what would result therefrom some ten months later. In Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572, the claimant was injured in an accident of which the employer had actual knowledge. The court said:

"* * * Neither plaintiff nor Employer knew, of course, that epilepsy would result some five months after the injury alleged to have occurred February 12. Notice of the result to flow therefrom is excused where the employee had no knowledge of the true seriousness and expert medical attention was necessary to establish causal relation. * * *"

Appellants assert that a finding of notice of a slipped disc injury based on knowledge of a "strained back" injury sustained some ten months prior thereto, exposes the employer and the insurance carrier to fraudulent claims. A similar argument was made in Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680, regarding fraudulent hernia claims. The court disposed of it by saying:

"Suffice it to say that it has always been the business of the courts to guard against the making and allowance of fraudulent claims and we are confident they will continue to do so."

The claimant has done all he was required to do. He was required to prove a compensable claim under § 59–10–13.3, N.M.S.A.1953. He was required to show an accidental injury arising out of and in the course of employment, and that the accident was reasonably incident to his employment. He was required to establish causal connection as a medical probability by expert medical testimony. The existence of these elements of proof was settled in the first appeal. Causal connection between the accident and the resulting injury having been found, together with knowledge of the occurrence out of which it arose, we find little persuasiveness in appellants' argument that they were entitled to notice of the particular slipped disc condition as diagnosed in March, 1963.

The finding of notice being supported by substantial evidence, the judgment must be affirmed. Attorney fees of $1000.00 are allowed to the claimant for the services of his attorney in representing him in this court.

It is so ordered.

MOISE, J., and HENSLEY, C. J., Court of Appeals, concur.