436 P.2d 501

Frank JACQUEZ, Plaintiff-Appellant,

v.

Robert M. McKINNEY, d/b/a Rancho Las Acequias, Employer, and Fireman's Fund Insurance Company, a corporation, Insurer, Defendants-Appellees.

No. 8452.

Supreme Court of New Mexico.

Jan. 22, 1968.

Claude S. Sena, Santa Fe, for appellant.

Montgomery, Federici & Andrews, Santa Fe, for appellees.

## OPINION

CARMODY, Justice.

Frank Jacquez, plaintiff, appeals the decision of the Santa Fe District Court denying him total permanent disability under the Workmen's Compensation Act of the State of New Mexico.

Plaintiff alleged he sustained accidental injury arising out of and in the course of his employment for Robert M. McKinney, and that the injury occurred in the process of his holding up a tractor loader, the hydraulic pressure being released thereby causing the loader to fall on plaintiff's shoulders.

The trial court found there was no accidental injury arising out of or in the course of plaintiff's employment. The court concluded plaintiff failed to satisfy his burden of proof; judgment for defendant was accordingly entered.

Under our Workmen's Compensation Act, recovery is allowed only "when the workman has sustained an accidental injury arising out of, and in the course of his employment." Sec. 59–10–13.3(1), N.M.S.A. 1953. In the absence of such showing, there can be no recovery. Berry v. J. C. Penney Co., 1964, 74 N.M. 484, 394 P.2d 996; Brundage v. K. L. House Construction Co., 1964, 74 N.M. 613, 396 P.2d 731; McAfoos v. Borden Implement Co., 1965, 75 N.M. 50, 400 P.2d 470. Therefore, the question presented is whether there was substantial evidence supporting the trial court's finding that plaintiff did not sustain an accidental injury arising out of and

in the course of his employment. The decision must be affirmed if there is substantial evidence to support the finding on this point; this court will not weigh the evidence. See, Tyner v. DiPaolo, 1966, 76 N.M. 483, 416 P.2d 150.

The foreman for defendant testified that plaintiff aided him in disconnecting a hydraulic hose from a tractor, but that the loader did not fall on plaintiff; because of the equipment design, the loader prevented such an occurrence.

After hearing all the testimony, the trial court stated:

"Mr. Archuleta [the foreman] * * * testifies in such a manner that I cannot discredit his testimony. I feel completely obliged to accept that, what he said. He said that the arm of the loader did not fall on Mr. Jacquez, did not come down at all, but was immediately locked in place upon his making the disconnection.

"Now, Mr. Jacquez has to stand or fall on that one point alone. * * * because that is the position he has taken."

Plaintiff seeks to bolster his claim that an accident occurred arising out of and in the course of his employment, by reference to the testimony of two of the doctors. One of these doctors based his opinion that an accident occurred on the assumption that the loader fell on or against the plaintiff. The doctor's assumption, being based upon the history given him by the plaintiff, was corroborative only. As to the testimony of another doctor, the trial court was of the opinion that he had not obtained a sufficient history to justify his opinion as to the source of plaintiff's injury. The circumstances of the claimed injury was a highly controverted issue, which was resolved by the trial court favorably to the defendants and was based upon substantial evidence. The court was not convinced of the truth of the plaintiff's version, nor would it appear that he was convinced of the validity of the plaintiff's extra-judicial statements made to the doctors. This court will not substitute its judgment for that of the trial court as to the credibility of witnesses. Bell v. Kenneth P. Thompson Co., 1966, 76 N.M. 420, 415 P.2d 546.

There being substantial evidence to sustain the trial court's finding that the claimant's injury did not arise out of or in the course of his employment, it is unnecessary to consider other points raised. Berry v. J. C. Penney Co., supra; Brundage v. K. L. House Construction Co., supra.

It follows that the judgment appealed from should be affirmed. It is so ordered.

MOISE, J., and WOOD, J., Court of Appeals, concur.