466 P.2d 568

**TRINIDAD INDUSTRIAL BANK, a Corporation, Plaintiff-Appellant,**

**v.**

**Gabriel ROMERO and Amalia S. Romero, Defendants-Appellees.**

**No. 8812.**

Supreme Court of New Mexico.

March 16, 1970.

Robert S. Skinner, Raton, Charles S. Vigil, Denver, Colo., for plaintiff-appellant.

Wright & Kastler, Raton, for defendants-appellees.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Colfax County, New Mexico, to recover on a promissory note and to foreclose a deed of trust on real property located in Raton, New Mexico.

Plaintiff is a Colorado corporation, having its office and principal place of business in Trinidad, Las Animas County, Colorado. Defendants are residents of Colfax County, New Mexico. The district court, after trial without a jury, entered judgment substantially for defendants. Plaintiff, being dissatisfied therewith, appeals.

To the complaint, appellees answered admitting the signatures on the note, but denied the other allegations of the complaint, specially alleged an illegal interest rate on the note, and further alleged that proper credits had not been allowed, offering to pay the correct amount. Appellees further claimed that the note and deed of trust were obtained fraudulently and upon false representations. After trial, the court announced that he would find the

issues generally in favor of appellees. Appellant moved for a new trial or to reopen the case, and also moved to amend or withdraw the findings of fact and conclusions of law of the court. Those motions were denied.

In June 1963, appellant, after appraisal of appellees' property in Raton, New Mexico, loaned $2,500 thereon, taking a deed of trust to a "public trustee" in New Mexico (which we do not have), which it attempted to foreclose in this action. Appellant added $750 to the loan for credit life, health and accident insurance, and the sum of $1,300 as precomputed interest for a five-year period. Some two and one-half years later, appellant telephoned appellee Gabriel Romero in Raton, New Mexico; told him that the account was past due two payments; and that a "side note" would be necessary to take care of those past due payments. Appellee Amalia Romero went to Trinidad, Colorado, and obtained a promissory note and a deed of trust form. She took them to Raton, New Mexico, where they were signed by Gabriel Romero in blank, under the assumption the side note was for the two past due payments. Amalia Romero then took the instruments back to Trinidad, Colorado, where she signed them. Appellant filled out the instruments, not for the two past due payments, but for the sum of $6,108.02, which apparently included the balance of the old note of $2,019.38, plus a new charge of $1,400, which was used for liability insurance for an account other than the Romeros (Gonzales), plus fire, life, accident and health insurance, which was not ordered or requested by appellees, and for add-on interest of $2,040. The trial court found that the appellees had paid the sum of $3,300 on the monies loaned to them by appellant and that, disregarding all interest, there remained unpaid only the sum of $219.54, for which judgment was rendered in favor of the appellant.

Appellant relies on two points for reversal:

"I. The trial court erred in finding this contract to have been made in New Mexico.

"II. The trial court should have granted plaintiff's motion to reopen or for a new trial."

Appellant challenges the following findings of fact and conclusions of law:

(Findings of fact)

"3. The Plaintiff sought out the Defendants within Colfax County, New Mexico, in June of 1963, * * * upon an agreement to be performed in New Mexico, * *

"4. On December 30, 1965, upon a loan contract and transaction executed in the State of New Mexico, * * and upon a contract to be performed in the State of New Mexico, the Defendants delivered to the Plaintiff a Promissory Note * *.

"15. The Plaintiff knowingly charged a greater rate of interest than is allowed by the laws of the State of New Mexico.

"16. The Plaintiff knowingly charged a greater rate of interest than is allowed by the State of Colorado, * * *

"17. The Plaintiff should forfeit the entire amount of interest on the two (2) Promissory Notes, * * "

(Conclusions of law)

"4. There should be a forfeiture of the entire amount of interest on the debts from the Defendant to the Plaintiff.

"6. The interest usury laws of the State of New Mexico are applicable in this matter."

No other findings of fact or conclusions of law were challenged. Those not challenged are accepted by this court and are deemed true and controlling. Case v. Henry, 55 N.M. 154, 228 P.2d 433 (1951); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963); Simson v. Bilderbeck, Inc., 76 N.M. 667, 417 P.2d 803 (1966). The

294

court's finding that the deed of trust was void and unenforceable is not challenged. In oral argument, counsel for appellant abandoned any attack on this ruling of the trial court and we accept it without further comment.

■ Appellant contends that the usury statute, § 50–6–18, N.M.S.A., 1953 Comp., should not have been applied to the transaction. However, the trial court decided otherwise and struck the entire amount of the interest charged by appellant. The notes provided for ten per cent "add-on" interest, i. e., ten per cent of the principal amount borrowed was multiplied by the term of the loan (five years), and the amount thus derived (fifty per cent of the principal) was added on to the principal as the interest to be paid. The whole amount was then broken down into sixty equal monthly payments. To determine whether such interest rates greatly contravene our public policy, we must measure such rates against our statute, which specifically provides that the interest must not exceed ten per cent of the unpaid balance for the actual elapsed time during which such balances are unpaid. Section 50–6–16, N.M.S.A., 1953 Comp. This means that the interest charged must take into account the reduction of principal as the loan is paid off. For example, on a $5,000 loan for a period of five years, if the principal amount due at the beginning of the fifth year has been reduced to $1,000, then the maximum interest which could be charged under our statutes for that year would be $100 (ten per cent of the unpaid balance).

Turning to the note sued on in this case, a calculation of the amount of interest charged to the appellee, on the basis of the principal remaining at the beginning of each year (such principal reduction being required to be taken into account by our statute), indicates that the appellant charged interest of ten per cent for the first year, twelve and one-half per cent for the second, seventeen per cent for the third, twenty-five per cent for the fourth, and fifty per cent interest for the use of

the principal remaining at the beginning of the fifth year.

However, as if this were not bad enough, the appellant did not allow for a proportional return of unearned interest when there was a default on the loan and collection was undertaken before maturity. Obviously, the result of this practice is to substantially increase the rate of interest for the period any part of the principal was actually used. (See § 14–17–7(2), Colo. Rev.Stat.1963, as amended by Ch. 99, § 6, Colo.S.L.1965, dealing with interest charges permitted.)

As of January 1968, twenty-five months after the second loan, appellant contends it had earned $1,332 interest, which amounts to an interest rate far in excess of New Mexico law. Section 50–6–16, supra. By its allegations of error, appellant has raised the question of whether it was proper to apply New Mexico statutes regarding usury in this case. Appellant contends that, by the rules governing the choice of law to be applied by the trial court, this contract must be regarded as a Colorado contract and the laws of Colorado thus applied, which, it is claimed, would allow the interest as charged by the appellant. We do not find it necessary to consider that question since we feel that, even if Colorado law allowed interest at the rates charged to appellees (which we neither assume nor decide), we could not enforce such laws because the interest rates shock the conscience of this Court and contravene our strong public policy with regard to usury.

■ The established rule with regard to choice of law in contract cases, where usury is an issue, can be stated as follows: A contract which provides for a usurious rate of interest under the laws of the forum state will normally be given effect by the forum if, under the laws of a state to which the contract bears a substantial relation, the contract would not be usurious, *provided* that the interest charged is not so greatly in excess of that allowable under the laws of the forum as to shock the

conscience of the court. 45 Am.Jur.2d Interest and Usury, §§ 18, 19; Leflar, American Conflicts Law, § 153 (1968). See also, Restatement 2d Conflicts of Law, § 203 (P.O.D.1968).

Our public policy as to allowable rates of interest is contained in our statutes, §§ 50–6-16 and 50–6-18, supra. Section 50-6-16, supra, provides in part:

"The interest rate * * * shall not exceed ten per cent (10%) per annum *computed upon unpaid balances for the actual elapsed time during which such balances respectively are unpaid* where the evidence of indebtedness is secured by collateral security; * * *." (Emphasis added.)

Section 50–6–18, supra, provides for a forfeiture of all interest if the rate charged exceeds that allowable.

Should the law of New Mexico be applied to the usurious interest and charges made by appellant? We think so and hold that the trial court properly decided to disallow the interest charged. Section 50–6–16, supra. These interest rates charged, measured against what our statute allows, shock the conscience of this Court.

It being apparent that the interest here contracted for is greatly in excess of that allowable under our law, we are relieved of any obligation to consider whether Colorado law is applicable as the law of the contract, and/or whether such law would allow interest rates such as those here charged. Even if such were the case (which we expressly do not decide), we could not give effect to such laws since to do so would be a refusal to protect our citizens from the very practices which our statutes regarding usury so clearly condemn. This we will not do. Wooley v. Shell Petroleum Corp., 39 N.M. 256, 45 P.2d 927 (1935); see generally, Lyles v. Union Planters National Bank of Memphis, 239 Ark. 738, 393 S.W.2d 867 (1965); Huchingson v. Republic Finance Co., 236 Ark. 832, 370 S.W.2d 185 (1963); Personal Finance Co. of Columbus, Ga. v. Gibson, 26 Ala.App. 18, 152 So. 462 (1933) (Bricken dissent); Bundy v. Commercial Credit Co., 200 N.C. 511, 157 S.E. 860 (1931); Mirgon v. Sherk, 196 Wash. 690, 84 P.2d 362 (1938); Note, Usury in the Conflict of Laws: The Doctrine of the Lex Debitoris, 55 Cal.L.Rev. 123 (1967); Annot. 125 A.L.R. 482.

Appellant contends that the denial of its motion for a new trial was an abuse of discretion. With this we cannot agree, as the motion to reopen for a new trial raised no material issue of fact which was not fully covered by the testimony and evidence. The granting of a new trial lies within the sound discretion of the trial court and will not be reviewed by us unless there is a clear abuse of such discretion, which is not present here. Stehwein v. Olcott, 78 N.M. 95, 428 P.2d 634 (1967); Foreman v. Myers, 79 N.M. 404, 444 P.2d 589 (1968). A new trial is not a matter of right but one resting within the sound discretion of the trial court. Mathis v. Atchison, Topeka and Santa Fe Railway Co., 61 N.M. 330, 300 P.2d 482 (1956).

The findings of fact have ample support in the evidence. What we have here said makes further comment unnecessary.

The decision of the trial court is affirmed.

It is so ordered.

MOISE, C. J., and GEO. L. REESE, Jr., District Judge, concur.