471 P.2d 186

**Pablo MONTOYA, Plaintiff-Appellant,**

v.

**LEAVELL–BRENNAND CONSTRUCTION COMPANY, a joint venture, Employers, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.**

**No. 469.**

Court of Appeals of New Mexico.

June 5, 1970.

J. R. Crouch, Crouch & Lenko, Las Cruces, for appellant.

Ray Hughes, Deming, for appellees.

OPINION

WOOD, Judge.

To recover workmen's compensation, the claimant must have "* * * sustained an accidental injury arising out of, and in the course of his employment;". Section 59–10–13.3, N.M.S.A. 1953 (Repl. Vol. 9, pt. 1). The trial court denied compensation, finding "* * * there was no occurrence of an accident or accidental injury to plaintiff while on the job for this employer, * * *." Appealing, plaintiff asserts the finding is erroneous because the undisputed evidence is to the contrary.

The asserted undisputed evidence concerning an accident or accidental injury in the course of employment is:

"On September 13, 1968, while employed by the defendant, he was hanging a door at the Pan American Center at New Mexico State University. As he started to push the door into position, he felt a burning pain in his back. He told his foreman that afternoon that he had twisted his back and was told to take it easy for the rest of the afternoon. On Monday and Tuesday of the

next week, he did light work and on Wednesday the pain became so severe he told his foreman, Joe Silva, that he couldn't take it any more and was advised by his foreman to go see a doctor. * * *

"He went to see Dr. Smith in Las Cruces, New Mexico, who gave him medication for pain and was told that if the pills didn't work to come back in a couple of days and he would refer him to a doctor in El Paso. He returned to Dr. Smith on Saturday and was referred to Dr. Zolfoghary. * * *"

The foregoing evidence is not undisputed.

About a year previous to the asserted accident, plaintiff had been treated by Dr. Smith. According to plaintiff the treatment was for a shoulder condition. However, Dr. Smith testified that in his previous treatment he had treated plaintiff for complaints of back pain. Dr. Smith also testified when he saw plaintiff in connection with the asserted accident in September, 1968, he questioned plaintiff concerning an injury or anything which might have precipitated the current back complaints and that plaintiff could give no history of an injury. Dr. Smith's written report was attached to plaintiff's answers to defendants' interrogatories. These answers were introduced as evidence over defendants' objection. The doctor's report states plaintiff " * * * could recall no definite acute onset of his pain or any activity which might have explained it."

Plaintiff's foreman, Joe Silva, testified that plaintiff told him his back was hurting but never reported any accident and never told him how he hurt his back or when.

The asserted accident occurred, according to plaintiff, when he was hanging doors. According to Dr. Smith, plaintiff gave this history of hurting his back when Dr. Smith treated him the year previous to the current back complaints and gave no such history in connection with the current complaints.

During the course of the treatment for plaintiff's current back condition, plaintiff was seen by other doctors. Plaintiff gave a different date of injury to these other doctors.

Although plaintiff testified that he suffered an accidental injury while at work on a certain date, there is evidence which contradicts plaintiff. It was for the trial court to resolve the conflict. Mares v. City of Clovis, 79 N.M. 759, 449 P.2d 667 (Ct.App.1968). The evidence of no accident or accidental injury in the course of his employment is substantial. The trial court did not err in so finding. Jacquez v. McKinney, 78 N.M. 641, 436 P.2d 501 (1968).

Contrary to plaintiff's contention, the result herein is consistent with Lyon v. Catron County Commissioners, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969). In *Lyon*, the undisputed evidence showed plaintiff suffered an accidental injury and suffered that accidental injury in the course of his employment. Here, the evidence as to each of these items—the "accidental injury" and "in the course of his employment"—was disputed. The trial court resolved the conflict with findings supported by substantial evidence. Its judgment, therefore, is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.