It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.

471 P.2d 172

**ED BLACK'S CHEVROLET CENTER, INC., Plaintiff-Appellee,**

v.

**Joe MELICHAR, d/b/a New Mexico Salvage Co., Defendant-Appellant.**

**No. 8997.**

Supreme Court of New Mexico.

June 29, 1970.

LeRoi Farlow, Albuquerque, for appellant.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellee.

## OPINION

TACKETT, Justice.

Ed Black's Chevrolet Center, Inc., designated "Black," commenced this replevin action in a Justice of the Peace Court in Bernalillo County, New Mexico, against Joe Melichar, d/b/a New Mexico Salvage Company, designated "Melichar," to obtain a 1961 Chevrolet automobile from Melichar, who contended he was entitled to possession and title to the automobile. The Justice of the Peace entered judgment for Black. Melichar appealed to the District Court. After trial, the District Court entered judgment for Black. Melichar appeals.

Harry Gonzales purchased the automobile in question from Black, who retained a security interest therein. Collision insurance was required by the seller, who was named as loss payee in the policy of Foundation Reserve Insurance Company, designated "Foundation." Subsequently, the automobile was involved in an accident and, after investigation by an agent of Foundation, it was determined that the automobile was a total loss and the actual cash value, at the time of loss was $1,000. Foundation paid $900 to Black, as the policy contained a $100 deductible provision, and demanded that the title be forwarded to Melichar, the purchaser of the salvage. Black refused to release the title as there was a balance due and owing at the time of the accident of $1,142.52. After payment of the $900 by

Foundation, there remained a balance due and owing of $242.52. Foundation and Gonzales are not parties in this action.

■ The original retail installment contract between Black and Gonzales and the original certificate of title reflecting Black's lien on the automobile were admitted in evidence. Black thereby proved his first and paramount security interest in the automobile. The balance due under the retail installment contract was in default and, under the terms of that contract, Black therefore became entitled to possession of the automobile.

Melichar claimed that he, as purchaser from Foundation, had a right to possession of the car superior to that of Black. However, Melichar totally failed to prove such superior right. Aircraft Acceptance Corporation v. Jolly, 230 N.E.2d 446 (Ind. App.1967); Raber v. Hyde, 138 Mich. 101, 101 N.W. 61 (1904). His rights to possession could only be derived from express provisions in the insuring agreement issued by his assignor, Foundation. Neither the original insurance policy nor any mortgagee or loss-payable clause or endorsement was offered in evidence. Only a blank specimen copy of the insurance policy appears in the transcript. It refers only to the "company" and the "insured," and contains no reference whatever to a mortgagee or a loss payee. The evidence reflects that Black received a loss-payee clause, but there is nothing in the record to reflect what specific rights or limitations might have been granted to Black, or imposed on him by the loss-payee clause or endorsement.

■ Melichar requested a finding of fact, which was refused, that the policy showed Black to be the "mortgagee." The court found that the terms and provisions of the loss-payable endorsement attached to the policy control over any contrary provisions in the policy, and no objection was made by Melichar to that finding and he cannot now complain of it. Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438 (1950); Trinidad Industrial Bank v. Romero, 81

N.M. 291, 466 P.2d 568 (1970). There are, of course, numerous different types of mortgagee or loss-payee clauses and endorsements, and parties to an insuring agreement may contract for and agree upon any mutually acceptable terms and provisions. In the absence of the actual clause or endorsement, no conditions concerning the rights of Black, or limitations on his rights, can properly be inferred by this court. Unless, from the facts found, it must necessarily follow that the trial court erred, its conclusions and judgment cannot be disturbed. Merrifield v. Buckner, 41 N.M. 442, 70 P.2d 896 (1937); Goldie v. Yaker, 78 N.M. 485, 432 P.2d 841 (1967). Accordingly, we hold that Melichar failed to prove a right to possession superior to that of Black.

■ Melichar's contention that Black had waived its security interest in the automobile is without merit. After the accident, Foundation, by and through its agent, mailed a letter dated January 18, 1965, to Black, who acknowledged receipt thereof at trial, advising that the automobile was a total loss and that a draft was being mailed to Black. It was requested that Black have the purchaser, Harry Gonzales, execute the title, and it was further requested that Black release the lien and forward the title direct to the New Mexico Salvage Company, the purchaser of the salvage. Subsequently, a check dated January 21, 1965, in the amount of $900 was sent to Black. The check was received by Black and applied on the secured indebtedness. To constitute a waiver, there must be an existing right, a knowledge of its existence, and an actual intention to relinquish it, or such conduct as warrants an inference of the relinquishment. It is a voluntary act and implies an abandonment of a right or privilege. In no case will a waiver be presumed or implied, contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by his conduct, the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. Chase v. National Indem-

nity Company, 129 Cal.App.2d 853, 278 P. 2d 68 (1954). Compare, Clovis · National Bank v. Thomas, 77 N.M. 554, 425 P.2d 726 (1967).

There is substantial evidence to support the trial court's finding, that Black had a first and valid lien on the automobile, and its refusal to find that Black waived his security interest in the automobile.

Further comment is unnecessary. The decision of the trial court is affirmed. It is so ordered.

WATSON and SISK, JJ., concur.