493 P.2d 418

Jose S. **ORTIZ**, Plaintiff-Appellant,

v.

**ORTIZ & TORRES DRI-WALL COMPANY,
Employer, and Ohio Casualty Company,
Insuror, Defendants-Appellees.**

No. 723.

Court of Appeals of New Mexico.

Jan. 7, 1972.

Richard F. LaRoche, Smith, Ransom & Deaton, Albuquerque, for plaintiff-appellant.

Le Roi Farlow, Daniel C. Lill, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

This workmen's compensation case presents two issues: (1) the meaning of accident and (2) notice of an accident. Defendants raised both of these issues in their motion to dismiss at the close of plaintiff's case. The trial court granted the motion, made findings of fact and conclusions of law and entered judgment in favor of defendants. Plaintiff appeals.

At oral argument it was suggested that plaintiff's appeal should not be considered because plaintiff, in his statement of proceedings, did not specifically challenge the findings of fact. See § 21–2–1(15) (16), N.M.S.A.1953 (Repl.Vol. 4). We agree that there is a technical violation of the rule. Plaintiff, in compliance with the rule, did set forth requested findings which he contends should have been found and specifically challenged certain of the trial court's conclusions of law. Also, the wording of the statement of proceedings makes it clear that certain findings were challenged. The only defect is the failure to specifically state that certain findings were challenged. In these circumstances, review of the issues, on the merits, is not to be denied. Section 21–2–1(17), subparagraphs 10, 12 and 14, N.M.S.A.1953 (Repl.Vol. 4).

The testimony of two Ortiz witnesses will be referred to—the plaintiff and the Ortiz who, with his partner Torres, constitute the defendant employer.

*The meaning of "accident."*

Plaintiff, employed by defendant employer as a "rocker" was installing sheet rock in a house on March 9, 1970. The trial court found that at about 3:30 that afternoon ". . . plaintiff felt a pain in his back at about the belt-line. At the time plaintiff felt the pain he was not in an accident, and the pain was not caused by trauma or by accident." This "finding" clearly holds the "pain in the back" was not an accident because "not caused by trauma or by accident." The record shows the sense in which the trial court used the word "accident." The trial court remarked: ". . . you have to trip or something, you can't just get a pain in the middle of an ordinary occupation and claim accident. . . ."

Lyon v. Catron County Commissioners, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969) states:

"In the sense of the statute, 'accidental injury' or 'accident' is an unlooked for mishap, or untoward event which is not expected or designed. Gilbert v. E. B. Law and Son, Inc., 60 N.M. 101, 287 P. 2d 992 (1955); Aranbula v. Banner Min. Co., 49 N.M. 253, 161 P.2d 867 (1945); Webb v. New Mexico Pub. Co., 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002 (1943); Stevenson v. Lee Moor Con-

tracting Co., 45 N.M. 354, 115 P.2d 342 (1941).

"It is unnecessary that a workman be subjected to an unusual or extraordinary condition or hazard not usual to his employment for an injury to be an accidental injury under the compensation act. Alspaugh v. Mountain States Mutual Casualty Co., 66 N.M. 126, 343 P.2d 697 (1959); Gilbert v. E. B. Law and Son, Inc., supra; Webb v. New Mexico Pub. Co., supra.

"Based upon the reasoning of these cases we take it that a malfunction of the body itself, such as a fracture of the disc or tearing a ligament or blood vessel, caused or accelerated by doing work required or expected in employment is an accidental injury within the meaning and intent of the compensation act.

"Larson in his treatise on the law of workmen's compensation says: 'The "by accident" requirement is now deemed satisfied in most jurisdictions either if the cause was of an accidental character or if the effect was the unexpected result of routine performance of the claimant's duties. Accordingly, if the strain of claimant's usual exertions causes collapse from . . . back weakness, . . . the injury is held accidental.' 1A Larson, Workmen's Compensation Law, § 38.00 (1967)."

*Lyon,* supra, shows that under our Workmen's Compensation law, an accident can be "a malfunction of the body itself." Two medical witnesses testified to such a malfunction. One testified that plaintiff had "an internal derangement of the lumbosacral disk." The other testified that plaintiff had " . . . a ruptured disk with nerve root pressure, and I think this disk was probably a bulging type and not one that broke out completely, . . ." The first medical witness also testified that such a malfunction could result from lifting, bending or twisting. Plaintiff testified he couldn't remember exactly what he was doing when he felt the back pain; " . . . but either I was lifting sheet rock or carrying sheet rock or bending down, maybe probably all three of them."

"[A] pain in the middle of an ordinary occupation" can be an accident under *Lyon,* supra. The accident, of course, must "arise out of the employment." See Berry v. J. C. Penney Co., 74 N.M. 484, 394 P.2d 996 (1964). There is evidence which, if believed, would have sustained a finding of an accidental injury arising out of plaintiff's employment.

Defendants urge, however, that there is evidence to sustain the finding that plaintiff "was not in an accident." We do not consider the question of whether there is evidence to sustain a finding of "no accident" when the word "accident" is given its proper meaning under our Workmen's Compensation law. See Montoya v. Leavell-Brennand Construction Co., 81 N.M. 616, 471 P.2d 186 (Ct.App. 1970). The question is not considered because in finding "no accident" the trial court used an erroneous meaning of "accident." Compare Marchiondo v. Scheck, 78 N.M. 440, 432 P.2d 405 (1967).

*Notice of an accident.*

The aspect of "notice to the employer" involved is notice of an accident. See § 59–10–13.4(B), N.M.S.A.1953 (Repl.Vol. 9, pt. 1). The trial court found that the employer did not have actual knowledge of the alleged accident of March 9, 1970.

Plaintiff and Ortiz, the partner, agreed in their testimony that in a conversation on March 19, 1970 plaintiff told the partner about his back pain and when and where the pain came on. Both agreed that the partner told plaintiff to go to a doctor, which plaintiff did on the following day. The partner testified he didn't know whether plaintiff told him how he hurt his back, " . . . but I figured how else but hanging rock, . . ."

The partner also testified that he thought plaintiff was talking about a prior injury to his back. Defendants rely on this testimony to sustain the trial court's finding of no actual knowledge. We as-

sume, but do not decide, that the testimony of the partner would sustain a finding of no actual knowledge of an accident as of March 19, 1970. This does not dispose of the problem of notice because the issue is whether the defendant employer had actual knowledge of an accident within thirty days of March 9, 1970. Rohrer v. Eidal International, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968).

In addition to talking to Ortiz, the partner, plaintiff talked to the other partner, Torres, on either March 20th or March 21st. The details of this conversation are not clear from the record. However, Torres filled out an "Employer's First Report of Injury" and Ortiz, the partner, signed this report. The report was delivered to the insurance agent on either March 22 or 23, 1970. This report identifies an accident and an injury on March 9, 1970.

Defendants recognize that the report, filled out by one partner and signed by the other partner, together with the evidence of plaintiff's conversation with each of the partners, would be sufficient to sustain a finding that defendants had actual knowledge of the alleged accident. Geeslin v. Goodno, Inc., 77 N.M. 408, 423 P.2d 603 (1967); Waymire v. Signal Oil Field Service, Inc., 77 N.M. 297, 422 P.2d 34 (1966). They claim, however, that this evidence does not compel a finding of "actual knowledge;" that this evidence is to be considered with all other evidence going to the employer's actual knowledge.

■ We, of course, are required to view the evidence in the light most favorable to support the trial court's finding of no actual knowledge. The question is: what evidence are we to view? Ortiz, the partner, understood that plaintiff was referring to a prior injury in their conversation of March 19th. We have assumed that the employer cannot be charged with actual knowledge of the accident as a result of this conversation. Subsequently, however, there is the conversation with Torres and the report in which both partners participated.

■ This evidence (the Torres conversation and the report) is uncontradicted. Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940) sets forth situations where a trial court can disregard uncontradicted testimony. The *Medler* rule has been followed in numerous New Mexico decisions. None of the *Medler* situations apply in this case on the question of actual knowledge of the alleged accident. Thus, the trial court could not properly disregard the uncontradicted evidence that the employer had actual knowledge of the alleged accident by March 23rd. The trial court's finding to the contrary is erroneous

■ Plaintiff, having been successful in this appeal, asks for an award of attorney fees. The request is premature. Attorney fees are awarded only when there has been an award of compensation and at this point there is no such award. Section 59–10–23(D), N.M.S.A.1953 (Repl.Vol. 9, pt. 1); Keilman v. Dar Tile Company, 74 N.M. 305, 393 P.2d 332 (1964).

Having determined that the trial court used an erroneous definition of "accident" and erroneously disregarded the uncontradicted evidence that the employer had actual knowledge of the alleged accident, the judgment in favor of defendants is reversed. The erroneous judgment having been entered prior to the presentation of defendants' case, the cause is remanded for a new trial.

It is so ordered.

HENDLEY, J., concurs.

COWAN, J., not participating.

SUTIN, Judge (dissenting).

I dissent here solely to illustrate how confusion, contradiction and conflict intermingle in New Mexico decisions. Rules of law and judicial decisions are often interpreted by appellate judges, including the writer of this opinion, to serve a personal sense of justice. That is why conflicting opinions parade down through New Mexico judicial history.

In this case, the plaintiff did not challenge the trial court's findings pursuant to § 21-2-1(15) (16), N.M.S.A.1953 (Repl.Vol. 4). This rule reads in part:

If any finding is challenged, it *must* be so indicated by a parenthetical note referring to the appropriate numbered point in the argument. [Emphasis added.]

This rule became effective on and after April 15, 1966. Before and after that date, courts of review have continuously held that unchallenged findings were deemed true and controlling. They become the facts of the case for purpose of review. Anderson v. Jenkins Construction Company, 83 N.M. 47, 487 P.2d 1352 (Ct.App. 1971); Trinidad Industrial Bank v. Romero, 81 N.M. 291, 466 P.2d 568 (1970); Ed. Black's Chevrolet Center, Inc. v. Melichar, 81 N.M. 602, 471 P.2d 172 (1970); Farmers and Stockmens Bank of Clayton v. Morrow, 81 N.M. 678, 472 P.2d 643 (1970); Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438 (1950); Case v. Henry, 55 N.M. 154, 228 P.2d 433 (1951); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963). For workmen's compensation cases, see McAfoos v. Borden Implement Co., 75 N.M. 50, 400 P.2d 470 (1965); Scott v. Homestake-Sapin, 72 N.M. 268, 383 P.2d 239 (1963); Kerr v. Akard Brothers Trucking Company, 73 N.M. 50, 385 P.2d 570 (1963). Many more cases can be cited. See New Mexico Digest, Appeal and Error, § 219(2). From at least 1915 through 1971, this rule has been a thorn in the side of attorneys who have not studied trial and appellate procedure. Now, this thorn can be avoided by pleading for justice under Rule 17(10) (12) and (14) mentioned in the majority opinion.

Rule 17(10) provides that this court shall disregard any error or defect in the proceedings "which shall *not* affect the substantial rights of the adverse party, and *no judgment shall be reversed* or affected by reason of such error or defect." [Emphasis added.] The majority opinion relies on this rule and then violates it.

Rule 17(12) and (14) fall in the same category. I would not dissent if the Supreme Court would amend its rules of appellate procedure and overrule the past. Plain and obvious errors or mistakes should be noticed if not called to the attention of the trial or appellate court so that each case can be decided on the merits.

This court during 1971 refused to follow this adventure in other types of cases which required some of my dissenting opinions. For example, see State v. Mares, 82 N.M. 682, 486 P.2d 618 (Ct. App.1971), reversed, Mares v. State, 83 N. M. 225, 490 P.2d 667 (1971); Pavlos v. Albuquerque National Bank, 82 N.M. 759, 487 P.2d 187 (Ct.App.1971); Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971); State v. Atwood, 83 N.M. 416, 492 P.2d 1279 (Ct.App.1971); International Minerals & Chemical Corporation v. Property Appraisal Department, 83 N.M. 402, 492 P.2d 1265 (Ct.App.1971); State v. Gruender, 83 N.M. 327, 491 P.2d 1082 (Ct. App.1971).

The trial court found that plaintiff was not in an accident, and the pain was not caused by trauma or by accident, and plaintiff did not give statutory notice of any accident. These unchallenged findings support the trial court's conclusions that plaintiff was not entitled to any benefits under the Workmen's Compensation Act.

*The Meaning of "Accident."*

The majority opinion states that the trial court used an erroneous definition of "accident." The opinion considers the evidence most favorable to plaintiff instead of defendant. Plaintiff testified that he was working on the floor inside a house and had a little pain. The pain "stayed a little bit and then went away," and he "kept on working until four-thirty." That night, plaintiff took a hot bath and the pain went away and he felt fine the next morning and went back to work. He could not remember what he was doing at the time he felt pain and stated he could not remember being involved in an accident on the date the pain started; he was not lifting or

bending, and did not have sheetrock over his head. In fact, plaintiff stated he was not in any accident when he had his pain.

This case does not fall within the bounds of Lyon v. Catron County Commissioners, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969). The undisputed facts in Lyon are different from those in the present case. In *Lyon,* there was an "unlooked for mishap, or untoward event which [was] not expected or designed." In the present case, there were none. There was evidence of no exertions, no unexpected result of routine performance, no pain caused by some thing of an accidental character, no malfunction of the body itself, caused or accelerated by doing work required or expected in employment.

To the contrary, see Montoya v. Leavell-Brennand Construction Company, 81 N.M. 616, 471 P.2d 186 (Ct.App.1970), where *Lyon* is distinguished; Bell v. Kenneth P. Thompson Co., Inc., 76 N.M. 420, 415 P.2d 546 (1966), where "the trial court, who saw and heard the plaintiff, could deny full credence to the testimony of plaintiff."; Jacquez v. McKinney, 78 N.M. 641, 436 P.2d 501 (1968); Williams v. City of Gallup, 77 N.M. 286, 421 P.2d 804 (1966); Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 (1962).

*Notice of an Accident.*

It is not necessary to discuss the facts of notice of an accident to the employer. The majority opinion accepts the evidence most unfavorable to the findings of the trial court. The evidence is not undisputed. ". . . [T]his court will not reverse the lower court unless there is no evidence upon which the court could have based its finding." Ham v. Ellis, 42 N.M. 241, 76 P.2d 952 (1937); New Mexico Digest, Appeal & Error, § 1010(1).